[Crim. No. 36. Third Appellate District.—December 31, 1906.]

## In re JAMES VANDIVEER, on Habeas Corpus.

HABEAS CORPUS—CHARGE OF FELONY—PROBABLE CAUSE.—It is both the right and the duty of a court on *habeas corpus* to go behind the commitment of the petitioner upon a charge of felony, and inquire into the question of reasonable or probable cause for his commitment upon such charge.

ID.—SUFFICIENCY OF EVIDENCE TO CONVICT.—Whether the evidence is sufficient to convict beyond a reasonable doubt, it is the province of the jury to say, and ought not to be determined in advance on *habeas corpus.*

ID.—CREDIBILITY OF WITNESSES—CONFLICT OF TESTIMONY.—The office of the writ of *habeas corpus* does not go to the extent of warranting this court to pass upon the credibility of witnesses, where there is a conflict in the testimony, or to speculate as to how a jury may regard the evidence. The committing magistrate has the same right to judge of the credibility of the witnesses and of the truth and falsity of their testimony as a jury would have at the trial, though not bound to the rule of reasonable doubt.

ID.—MATERIALLY FALSE EVIDENCE.—It is only when the testimony of the material witnesses for the prosecution taken before a committing magistrate is clearly shown to be false that a petitioner should be discharged on *habeas corpus.*

ID.—CONSTRUCTION OF CODE—DISTRUST OF FALSE WITNESS.—The code rule that a witness shown to be willfully false in a material matter is to be distrusted in other matters does not require the absolute rejection of the whole testimony. The examination of a witness in chief may be believed, though the testimony on cross-examination may be rejected.

ID.—SEDUCTION UNDER PROMISE OF MARRIAGE—PREVIOUS CHASTE
CHARACTER—REPUTATION.—Where the petitioner was committed for
the crime of seduction under promise of marriage, and the father
of the prosecuting witness testified to her reputation for pre-
vious chaste character, and that he never observed anything to in-
dicate that she was not chaste, it cannot be said that the evidence
is insufficient to justify the magistrate in submitting the question
to the jury. Though reputation is not character itself, it may be
evidence of character.

HEARING upon *habeas corpus* to review a commitment
by a magistrate to the sheriff of Merced County to answer
before the Superior Court of Merced County. J. J. Griffin,
Justice of the Peace, Committing Magistrate.

The facts are stated in the opinion of the court.

F. G. Ostrander, for Petitioner.

E. H. Hoar, District Attorney, and Ben Berry, for Sheriff,
Respondent.

CHIPMAN, P. J.—Petitioner was charged with the crime
of seduction under promise to marry, alleged to have occurred
January 1, 1906. At the preliminary examination he was
committed, and sues out the writ on the ground that the
justice of the peace acted without reasonable or probable
or any cause in committing him to the custody of the sheriff.
No question arises on the regularity of the proceedings. We
deem it best not to comment upon the evidence to any consid-
erable extent, as the cause may be tried on substantially the
same testimony as is now before us.

The prosecuting witness testified that petitioner had sexual
intercourse with her at the date alleged, coupled with a
promise on his part to marry her as a condition to her con-
sent to such intercourse. Upon cross-examination she was
interrogated as to the manner in which petitioner performed
the act of intercourse. Her reply apparently placed the
parties in such juxtaposition as to make the act physically
impossible, if she clearly understood the question, and if we
may infer that she meant her answer to be taken literally. It

is strongly urged that, as petitioner was held to answer upon the testimony alone of the prosecuting witness, he should be discharged on this showing; that the testimony on cross-examination as to the manner of the accomplishment of the act of intercourse was so incredible as to compel the rejection of her direct testimony to the act; and the code rule is invoked "that a witness false in one part of his testimony is to be distrusted in others." (Code Civ. Proc., sec. 2061, subd. 3.) Although upon first impression our supreme court held that it could not go behind the warrant of commitment and inquire into the question of reasonable or probable cause, on further consideration it was held that the court not only had the right, but that it was its duty to so inquire. (*Ex parte Stevens,* 82 Cal. 245, [23 Pac. 38].) And this has been the practice ever since that decision. Among other cases, see *In re Howell,* 114 Cal. 250, [46 Pac. 159].

Petitioner, at the argument. placed much reliance upon the case of *Lowrey* v. *San Joaquin C. & I. Co.,* 134 Cal. 185, [66 Pac. 225]. That was a case of damages from the overflow of water alleged to have been caused by defendant's dam. The plaintiff had the verdict of the jury and judgment followed accordingly. On a review of the evidence the court reversed the judgment. The court said: "There is no direct evidence that defendant's dam caused the overflow. It rests upon inference from known laws of physics, and from actual physical conditions shown to exist at the time the levee gave way. . . . All reasonable inferences may be indulged from proved facts, but no inference may be upheld which is contrary to reason, to physical laws, or the course of nature."

This case is not controlling of the case here, for there was direct evidence of intercourse, and the question is not alone whether the act could possibly have been performed in the manner described, but it is whether the magistrate had the right to accept part of the prosecuting witnesses' testimony and disregard a part. It is only necessary to examine the evidence to ascertain whether the commitment is without reasonable or probable cause. Whether the evidence is sufficient to convict beyond a reasonable doubt, is the province of the jury to say, and ought not to be determined in advance on *habeas corpus.* (*Ex parte Becker,* 86 Cal. 402, [25 Pac. 9].)

It·is only when the testimony of the material witnesses for the people, taken before a committing magistrate, is clearly shown to be false, that a prisoner should be discharged on *habeas corpus.* So held when the court was called upon to determine the credibility to be accorded to the testimony of witnesses whose material statements conflicted. (*People* v. *Boyle,* 64 Cal. 152, [28 Pac. 232].)

The office of the writ does not go to the extent of warranting this court in passing upon the credibility of witnesses where there is conflict in the testimony. The utmost power given us is to say whether or not there is some evidence which would reasonably justify the magistrate in finding that probable cause appeared that the offense was committed by the person charged. We are not permitted to speculate as to how a jury may regard the evidence. The committing magistrate has the same right to judge of the credibility of witnesses and of the truth or falsity of their testimony as a jury would have at the trial of the cause, but he is not bound by the rule of reasonable doubt.

The code rule of evidence invoked by petitioner does not require that the entire testimony of witness is to be distrusted, much less disbelieved, because he has testified falsely upon some material fact. (*Ex parte Hicks,* 53 Cal. 354.) In this case it was said: "The effect of this provision (Code Civ. Proc., sec. 2061, subd. 3) is, that if a witness is willfully false in one portion of his testimony 'he is to be distrusted in others'; and not that his whole testimony is to be absolutely rejected." Without suggesting possible circumstances, which may have appeared at the hearing before the justice of the peace, leading him to believe the direct testimony of the prosecuting witness, it is enough for us to know that the testimony was given and that, presumably, it was believed, although the testimony on cross-examination may have been rejected.

It is further insisted that there is not sufficient evidence of previous chaste character. Section 268 of the Penal Code, under which the petitioner was committed, provides: "Every person who, under promise of marriage, seduces and has sexual intercourse with an unmarried female of previous chaste character is punishable," etc.

It was said in *People* v. *Krusick*, 93 Cal. 74, [28 Pac. 794] : "It is as essential for the prosecution to show that the person against whom the offense was committed is of the character named in the statute, as it is to show that the sexual intercourse was had under promise of marriage."

The father of the prosecuting witness testified that his daughter had lived with him during her whole life.

"Q. Do you know what her reputation is as to being chaste and virtuous, that is, about and prior to January 1, 1906?"

"The Witness: Yes, sir.

"Q. What is her reputation as to being chaste and virtuous? A. Good."

"Cross-examination.

"Q. Who have you ever heard discuss it, Mr. Christian? A. Well, I never seen anything wrong with her.

"Q. You never heard anybody discuss that? A. No, sir, I never heard anything or seen anything.

"Q. That is what you mean by your answer, it is simply that you yourself never observed anything to indicate that she was not chaste? A. In my own judgment; yes, sir.

"Q. That is your judgment in the matter? A. Yes, sir."

The statute uses the language "previous chaste character" and the question is suggested that proof of reputation is not necessarily proof of character. It is true that reputation is not character itself, but it may be evidence of character.

Mr. Anderson, in his Law Dictionary, gives this definition of the term character: "The qualities impressed by nature or habit on a person, which distinguish him from other persons. These constitute his real character; while the qualities he is supposed to possess constitute his estimated character or reputation." We do not think that the statute requires proof of the true character of the person, for that would in most cases be impossible. The best we can do is to judge the character of our neighbors by the estimation in which they are held in the community. Good general reputation for honesty, chastity, veracity and like qualities is synonymous with good character as to these qualities, within the meaning of the statute.

It must be admitted that the evidence of the previous chaste character of the prosecuting witness is not entirely satisfactory, especially in view of some testimony given by her when asked if she had not previously to January 1, 1906, had sexual intercourse with petitioner. We cannot say, however, that there is no evidence upon this issue, or that it is entirely insufficient to justify the magistrate in submitting it to the determination of a jury.

The writ is discharged and the prisoner remanded.

Buckles, J., and McLaughlin, J., concurred.