[Crim. No. 520.   Third Appellate District.—April 23, 1920.]

In the Matter of the Application of F. O. JAMES for a
Writ of Habeas Corpus.

[1] CRIMINAL LAW — FALSE PRETENSES — REPRESENTATIONS AS TO
AMOUNT OF MONEY ON DEPOSIT—RELIANCE UPON.—Where a pur-
chaser obtains the property from the sellers upon the false repre-
sentation that he has a given sum of money on deposit in a cer-
tain bank and his promise that by a certain day he will deposit
such further sums as are necessary to meet the check which he
then offers to them, and which they accept in payment and part
with title to their property in reliance upon his representation as
to the amount of money he then has on deposit, he is guilty of the
crime of obtaining property by false representations.

[2] ID.—PRELIMINARY HEARING—REJECTION OF TESTIMONY—PROVINCE
OF COMMITTING MAGISTRATE.—On a preliminary hearing, the com-
mitting magistrate is clothed with authority to reject the testi-
mony of the defendant and to believe that of the other witnesses,
and he is not required to confine himself to the doctrine of reason-
able doubt.   It is sufficient if there exists sufficient cause to believe
that the defendant is guilty.

[3] ID.—HOLDING TO ANSWER—PROOF REQUIRED.—On a preliminary
hearing of a defendant charged with obtaining property by false
pretenses, it is not necessary, in order to hold the defendant to
answer, that the committing magistrate shall be satisfied as to any
fact beyond a reasonable doubt.

APPLICATION for a Writ of Habeas Corpus.   Writ dis-
missed and petitioner remanded.

The facts are stated in the opinion of the court.

Walter F. Lynch for Petitioner.

Edward Van Vranken, District Attorney, and E. P. Foltz,
Special Counsel, for Respondent.

PREWETT, P. J., *pro tem.*—Application for a writ of
*habeas corpus* upon the ground that the petitioner is held

1.   Giving worthless check as constituting false pretense, notes, 8
Ann. Cas. 1069; 14 Ann. Cas. 510; Ann. Cas. 1916E, 736; 17
L. R. A. (N. S.) 244; 27 L. R. A. (N. S.) 1032; 52 L. R. A. (N. S.)
919.

to answer upon a criminal charge without probable cause. He is charged with obtaining sheep worth about sixteen thousand dollars upon the false pretense that, at the time of so doing, he had six thousand dollars on deposit in a certain bank. The petitioner denies making such a pretense, but admits that at the time he did not have said amount, or, in fact, any amount in excess of eighty cents, on deposit. He engaged to purchase the sheep from the owners. The sheep were counted out and loaded on the cars ready for delivery. He thereupon informed the owners that he had six thousand dollars on deposit and that by the following Saturday he would deposit such further sums as were necessary to meet the check which he then offered to them and which they accepted. They testified, and the court necessarily found, that they would not have parted with the title if they had not believed his statement that he had the six thousand dollars on deposit.

[1] (1) The petitioner insists that he should be discharged because he informed the sellers that he did not have sufficient funds in the bank to meet the check. It is quite true that he so informed them, but he is not charged with the representation that the check would be paid on presentation. Both he and they knew that it could not be paid before the following Saturday, and his own testimony shows that he knew it could not be paid in full even then. The false representation with which he stands charged is that he then and there had on deposit six thousand dollars. He took the sheep of these men, gave them a worthless check in payment, and within a few hours sold the sheep to other parties. That he may have intended, in fact, to meet the check in the future may be conceded, but this does not modify the fact, as found by the magistrate, that he obtained this considerable amount of property upon the false representation that he had a large sum on deposit.

[2] (2) The petitioner further insists that the false representation, in order to be criminal, must relate to an existing fact and that it cannot relate to an act to be performed in the future, as a mere promise to pay. This rule, as a mere statement of the law, is sound and is upheld in *People* v. *Green*, 22 Cal. App. 45, [133 Pac. 334]; but it has no application to the facts of this case as shown above. The magistrate was clothed with authority to reject the testimony

of the petitioner and to believe that of the other witnesses, nor is he required to confine himself to the doctrine of reasonable doubt. It is sufficient if there existed sufficient cause to believe that the petitioner is guilty. (*In re Vandiveer,* 4 Cal. App. 653, [88 Pac. 993].)

The owners of the sheep testified that they relied, in parting with their title, upon the fact that the petitioner had six thousand dollars of ready money. The essence of the alleged crime arises out of the fact, not that he could not pay the check, but that he was short by six thousand dollars of his claimed assets.

It may well be, as insisted by the owners, that they were willing, in view of his deposit of six thousand dollars in cash, to look to the band of sheep and other properties for the remaining ten thousand.

[3] (3) Petitioner's claim that the evidence must show an intent to defraud beyond a reasonable doubt is answered by the case last cited, although the specific question as to *intent* did not arise in that case. However, section 872 of the Penal Code provides that a defendant must be held "if it *appears* from the examination, that a public offense has been committed." This language imports a degree of conviction far short of a belief beyond a reasonable doubt. *Ex parte Becker,* 86 Cal. 402, [25 Pac. 9], is in point. In that case the court discusses the degree of proof required before a committing magistrate and says: "Whether it is sufficient to convict beyond a reasonable doubt, it is the province of the jury to say, and ought not to be determined in advance on *habeas corpus.*" The cases cited by petitioner in support of his claim do not deal with the measure of proof and are not in point. No authority has been brought to our attention, and we feel assured that none exists, holding that a committing magistrate must, in a case of the character under review, be satisfied as to any fact beyond a reasonable doubt.

We discover no adequate reason for disturbing the commitment. Writ dismissed and petitioner remanded.

Hart, J., and Burnett, J., concurred.