[Civ. No. 4784.  First Appellate District, Division One.—December 5, 1923.]

HARRY P. COX, Petitioner, v. EDWIN M. DAUGHERTY, as Commissioner of Corporations, Respondent.

[1] CORPORATE SECURITIES ACT—REVOCATION OF BROKER'S LICENSE—EVIDENCE—FRAUD.—The revocation by the commissioner of corporations of a broker's license is justified where such broker, prior to the issuance of a license to him, but after the termination of his employment with a brokerage firm, transacted business in the name of that firm without its authority, which fact was unknown to the commissioner of corporations at the time of the granting of the license; and it is immaterial that the persons dealing with him were not defrauded and one of them made a profit in her transactions, as his acts committed a fraud upon his former employer.

APPLICATION for a Writ of Certiorari to review an order of the Commissioner of Corporations revoking petitioner's license as a broker. Writ denied.

The facts are stated in the opinion of the court.

Arnold C. Lackenbach for Petitioner..

U. S. Webb, Attorney-General, and H. H. Linney, Deputy Attorney-General, for Respondent.

TYLER, P. J.—Petition for writ of review to determine the lawfulness of an order of the commissioner of corporations revoking petitioner's license as a broker.

The petition recites that on the nineteenth day of January, 1923, in accordance with the terms of the Corporate Securities Act, respondent, as commissioner duly issued to said petitioner, Harry P. Cox, a certificate authorizing him to offer for sale, negotiate for the sale of and otherwise deal in securities in the state of California, and generally to carry on the business of a broker in said state for and during the period ending the thirty-first day of December, 1923; that on the twenty-ninth day of April, 1923, peti-

---

Authorities discussing the question of revocation of broker's license, note, 27 A. L. R. 1178.

tioner was served with an order dated the twenty-eighth day of April, 1923, by the commissioner of corporations at the city and county of San Francisco, directing him to show cause why his said license should not be revoked on the grounds charged in the complaint attached to said order to show cause; that a hearing was had by said commissioner of corporations in the city and county of San Francisco, the petitioner appearing in person and by his attorney; that at said hearing evidence was adduced on behalf of said complainant and the matter submitted to the respondent herein for consideration and decision.

That thereafter on the second day of July, 1923, the said respondent, as such commissioner, duly made and filed its findings of fact and conclusions of law. That in pursuance of said findings of fact and conclusions of law an order was duly made by respondent, as such commissioner, on the second day of July, 1923, revoking petitioner's broker's certificate theretofore duly issued to him.

Petitioner claims that said findings of fact upon which said conclusions of law and said order of revocation were predicated are, and each of them is, totally unsupported by the evidence adduced at said hearing, and that said respondent in making the said findings of fact and order of revocation acted without and in excess of his powers.

Under certain provisions of the Corporate Securities Act, which were designed to prevent fraud in the sale of securities, a broker is required to have a license in order to conduct his business. This license may be revoked by the commissioner of corporations. The grounds for revocation are three in number. The act in relation thereto reads in part as follows: "The Commissioner may at any time revoke any broker's or agent's certificate issued by him if he shall find that the holder thereof is of bad business repute, or has violated any provisions of this act, or has engaged or is about to engage in any fraudulent transaction." (Code and General Laws 1917–21, p. 1451.)

The complaint against petitioner filed with the state corporation department charged him with all three of the offenses mentioned in the act. The matter came on regularly for hearing. Oral and documentary evidence was introduced and the matter was submitted for decision, and the following findings were made by the commissioner:

"1. That on the 19th day of January, 1923, in accordance with the authority vested in the Commissioner of Corporations of the State of California, under and by virtue of the Corporate Securities Act of the State of California and amendments thereto, said Commissioner of Corporations issued to Harry P. Cox a certificate, authorizing him to offer for sale, negotiate for the sale of and otherwise deal in securities in the State of California, and generally to carry on the business of a broker in said state for and during the period ending the 31st day of December, 1923; that prior to said date, to wit, the 19th day of January, 1923, and at all times hereinafter mentioned said Harry P. Cox did not hold a broker's certificate and was without authority to engage in the brokerage business of the state of California.

"2. That the defendant, Harry P. Cox, did on or about November 16, 1922, in the county of Alameda, state of California, violate section 5 of the Corporate Securities Act of the state of California in that the defendant did then and there act as a broker without having first obtained a broker's certificate authorizing him so to do as required by said act, and did offer for sale, negotiate for the sale of and sell to Mrs. Mary Stewart Smith, 2711 Ashby Street, Berkeley, California, one $1,000 Ochocho Irrigation District Six per cent bond at par for cash, and thirty shares of the common capital stock of the California Ink Company at par for cash.

"3. That the defendant, Harry P. Cox, did on or about the 12th day of December, 1922, in the county of Alameda, state of California, violate section 5 of the Corporate Securities Act of the state of California in that the defendant did then and there act as a broker without having first obtained a broker's certificate authorizing him so to do as required by said Act, and did offer for sale, negotiate for the sale of and sell to Mrs. Katherine A. Roach, Regillus Apartments, Oakland, California, 50 shares of the preferred capital stock of Stephens & Company, receiving in exchange therefor 50 shares of the common capital stock of the California Ink Company and $1500 cash.

"4. That the defendant, Harry P. Cox, did on or about the 9th day of January, 1923, in the county of Alameda, state of California, violate section 5 of the Corporate Se-

curities Act of the state of California in that the defendant did then and there act as a broker without having first obtained a broker's certificate authorizing him so to do as required by said Act, and did enter into an agreement with Mrs. Rosa Wrangham, 1421 Arch street, Berkeley, California, wherein and whereby said defendant received from Mrs. Rosa Wrangham 300 shares of the capital stock of Elk Hills Consolidated Oil Company, said stock to be exchanged by said defendant for either common stock of United Cigar Stores or a bond.

"5. That the defendant, Harry P. Cox, did on or about the 10th day of January, 1923, in the county of Alameda, state of California, violate section 5 of the Corporate Securities Act of the state of California, in that the defendant did then and there act as a broker without having first obtained a broker's certificate authorizing him so to do as required by said Act, and did enter into an agreement with Mrs. Auguste W. Laidlaw, 540 Boulevard Way, Oakland, California, wherein and whereby said defendant received from Mrs. Auguste W. Laidlaw 100 shares of the capital stock of Elk Hills Consolidated Oil Company, said stock to be exchanged by said defendant for either common stock of United Cigar Stores or a bond.

"6. That for some months prior to October 1, 1922, said defendant Harry P. Cox was employed by Stephens & Company, investment brokers, as its agent, and that during said time and in the scope of said employment he met and became acquainted with Mrs. Mary Stewart, 2711 Ashby street, Berkeley, California; Mrs. Katherine A. Roach, Regillus Apartments, Oakland, California; Mrs. Rosa Wrangham, 1421 Arch street, Berkeley, California, and Mrs. Auguste W. Laidlaw, 540 Boulevard Way, Oakland, California, and that at said times all of said persons knew that he was an agent of Stephens & Company and dealt with him as such agent.

"7. That the defendant, Harry P. Cox, did on or about November 16, 1922, engage in a fraudulent transaction in that on or about said date and in consummating the transaction hereinabove described in paragraph 2 hereof, the defendant issued and delivered to Mrs. Mary Stewart Smith a receipt in words and figures as follows, to wit:

" 'Stephens & Company,
        " 'Investment Securities,
                " 'Merchants National Bank Building.
                        " 'San Francisco, Nov. 16th–1922.
" 'Mrs. Mary Stewart Smith

" 'This day we credit your account with $2017–50/100 covering balance due on purchase of 1000 Ochoco Irr. District 6% bond and thirty (30) shares Calif. Ink Co. com. stock.

                        " 'Stephens & Company
                                " 'By H. P. Cox.'

"That the employment of defendant by Stephens & Company as its agent terminated October 1, 1922. That on the date the above described receipt was issued, to wit, November 16, 1922, defendant was without authority to issue and/or deliver said receipt for and/or on behalf of Stephens & Company.

"That Mrs. Mary Stewart Smith at the time hereinabove stated, to wit, November 16, 1922, was without knowledge of the termination of the employment of the defendant by Stephens & Company, but, on the contrary, she was led to believe by the conduct of said Harry P. Cox that he was still employed by said Stephens & Company, and she consummated said transaction believing that the defendant was an employee of Stephens & Company. That Mrs. Mary Stewart Smith relied upon the business reputation of Stephens & Company, and would not have consummated the transaction with the defendant had she known that he was no longer an employee of Stephens & Company. That the defendant did not inform Mrs. Mary Stewart Smith that he was no longer in the employ of Stephens & Company, but on the contrary, and without authority, he issued and delivered the above-described receipt to her, thereby inducing and causing said Mary Stewart Smith to transact the above mentioned business with him.

"8. That the defendant, Harry P. Cox, did on or about the 14th day of December, 1922, engage in a fraudulent transaction in that on or about said date he executed and delivered to Mrs. E. M. Appa, Sunnyside Apartments, Oakland, California, a receipt in words and figures as follows, to wit:

64 Cal. App.—40

" 'Stephens & Company,
" 'Investment Securities.

" 'San Francisco, Dec. 14th, 1922.
" 'Mrs. E. M. Appa

" 'This day we credit your account with $2650 Buenos Aires 3½s as per list of 9/25/22 Cert. #B6344 for exchange into Brazil 4½s '88 on basis of 2140 L of latter for Buenos Aires 3½s and full interest on B-A Pan. 1st coupon against BRAZIL interest flat.

" 'Stephens & Company
" 'By H. P. Cox.'

"That the employment of defendant by Stephens & Company as its agent terminated October 1, 1922; that on the date the above described receipt was issued, to wit, December 14, 1922, defendant was without authority to issue and/or deliver said receipt for and/or on behalf of Stephens & Company.

"9. That at the time of the issuance of the broker's certificate to Harry P. Cox as herein described in paragraph marked 1 said Commissioner of Corporations of the State of California was without knowledge of all of the facts hereinabove set forth, and that all of said facts have been brought to his attention since the date of the issuance of said certificate, to wit, January 19, 1923."

From the foregoing facts the commissioner of corporations of the state of California found as conclusions of law:

1. That the defendant, Harry P. Cox, did on or about each of the following dates, to wit, November 16, 1922; December 12, 1922; January 9, 1923, and January 10, 1923, violate section 5 of the Corporate Securities Act of the state of California.

2. That the defendant, Harry P. Cox, did on or about November 16, 1922, and December 14, 1922, engage in fraudulent transactions.

By virtue of the facts found and the conclusions of law hereinabove given, an order revoking the broker's certificate theretofore issued to said defendant on the nineteenth day of January, 1923, was entered, and said certificate was revoked.

Petitioner here claims that all the findings except No. 1 are unsupported by the evidence. This contention is based

principally upon his construction of certain provisions of
the Corporate Securities Act. It is his claim that when he
made the sales of securities he did so merely as an agent or
salesman of a broker, for which reason no license was re-
quired of him.

The provision of the act with reference to agents in force
at the time the sales were made read as follows: "The
word 'agent' as used in this Act means and includes every
person or company employed or appointed by a company or
a broker who shall within this state, either as an employee
or otherwise, for a compensation sell, offer for sale, nego-
tiate for the sale of, or take subscriptions for any security
of any company of its own issue offered for sale by it."
(Sec. 2, subd. 8, Gen. Laws, p. 1448.)

By an amendment in 1923 this subdivision was changed
by omitting therefrom the words "of its own issue" (Stats.
1923, p. 89), so that since this change an employee or ap-
pointee of a broker who sells securities, whether they are
the broker's own issue or otherwise, is an agent as defined
by the act, and under section 5 thereof is required to have
a certificate.

[1] This being so, we do not consider a discussion of
the question as to whether a person selling securities for
and on behalf of a duly licensed broker prior to the amend-
ment of 1923 required a license or not, for there is suffi-
cient evidence in the record to support the findings that
after the employment of petitioner with Stephens & Co. as
its agent had terminated he transacted business in the name
of that company without its authority, and that he issued
receipts in the company's name for securities received by
him in such transactions. While it is true that the persons
dealing with him were not defrauded and that one of them
made a profit in her transactions, still the evidence shows
that Mrs. Smith (mentioned in finding 7) would not have
employed petitioner in the transactions had she known that
he was not then acting as a salesman for Stephens & Co.
In pretending to act for Stephens & Co. when his em-
ployment with that firm had terminated petitioner com-
mitted a fraud upon his former employer which justified
the commissioner in revoking his license. Findings 7 and

8, with reference to these acts, find full support in the evidence.

The writ is denied.

Richards, J., and St. Sure, J., concurred.