[Crim. No. 1176. First Appellate District, Division One.—June 7, 1924.]

In the Matter of the Application of HARRY P. COX for a Writ of Habeas Corpus.

[1] CRIMINAL LAW—SALE OF SECURITIES WITHOUT LICENSE—HABEAS CORPUS—EVIDENCE.—In this proceeding on *habeas corpus* to secure the release of petitioner from custody, he having been held to answer to the superior court on a charge of selling securities without a broker's license as required by the Corporate Securities Act, while the record contained some evidence to the effect that petitioner, at the time in question, was acting as an agent of a certain licensed broker, the evidence as a whole was sufficient to justify the action of the committing magistrate in holding petitioner to answer the charge against him.

(1) 29 C. J., p. 47, sec. 38.

PROCEEDING on Habeas Corpus to secure the release of petitioner from custody on a charge of violating the Cor-

1.  See 6 Cal. Jur. 778.

porate Securities Act. Writ discharged and petitioner remanded.

The facts are stated in the opinion of the court.

Arnold C. Lackenbach for Petitioner.

Ezra W. Decoto, District Attorney, Earl Warren and Carlisle C. Crosby, Assistant District Attorneys, and Clifford J. MacMillan for Respondent.

TYLER, P. J.—Petition for writ of habeas corpus.

The application recites that petitioner is imprisoned and restrained of his liberty by the sheriff of Alameda County, and that such restraint and imprisonment are illegal, the alleged illegality consisting in this, to wit, that on the sixth day of March, petitioner was charged by a complaint filed in the police court of Alameda County with having unlawfully and feloniously engaged in the business of selling, offering for sale and negotiating for the sale of stocks issued by others without first having obtained from the commissioner of corporations of the state of California a broker's license, in violation of the Corporate Securities Act; that said petitioner was preliminarily examined in the police court upon said charge and was held to answer to the superior court in Alameda County.

It is claimed that the evidence adduced at the preliminary hearing fails to show that petitioner was guilty of the charge or any other public offense.

Under certain provisions of the Corporate Securities Act which were designed to prevent fraud in the sale of securities a broker is required to procure a license in order to conduct his business, and his failure so to do is made a felony (Codes and General Laws 1917–21, p. 1449). The information filed by the district attorney is based upon a violation of this provision, and it charges that the petitioner on the sixteenth day of November, 1922, willfully and feloniously acted as a broker and agent in the negotiation and sale of an irrigation district bond and also certain shares of the common capital stock in the California Ink Company without first having obtained a permit from the commissioner of corporations. Petitioner had prior to the commission of

the alleged offense been a duly licensed broker but his license had been revoked for having transacted business in the name of a company with which he had severed his connection (*Cox* v. *Daugherty,* 64 Cal. App. 621 [222 Pac. 178]). No claim is made that persons dealing with petitioner were in any manner defrauded by his acts, the charge being merely that he sold the securities mentioned without having first procured a license. Petitioner admits having made the sales but claims he did so as the agent of a broker, and that this being so, he in no manner violated the provisions of the act in question.

The Corporate Securities Act, with reference to agents, reads as follows: ''The word 'agent' as used in this act means and includes every person or company employed or appointed by a broker who shall within this state, either as an employee or otherwise, for a compensation sell, offer for sale, negotiate for the sale of or take subscriptions for any security of any company of its own issue offered for sale by it'' (sec. 2, subd. 8, Gen. Laws, p. 1448).

It seems to be conceded that at the time the alleged offense was committed and at all times prior to April, 1923 (Stats. 1923, p. 90, sec. 2), when this act was changed so as to require agents to procure a license, an employee or agent of a broker was not required to procure one in order to sell securities.

[1] The sole question here presented is whether or not there is any evidence tending to show that Cox did act as an agent for one T. R. Jump, a broker, when he sold the bond and stock in question. The evidence at the preliminary examination in the police court shows that petitioner had conducted several distinct transactions in the sale of securities. We have read the evidence, and while it is not of a satisfactory character, we cannot say that it is insufficient to convict, or that the petitioner has been committed upon a criminal charge without reasonable or probable cause. There was some evidence as to whether petitioner acted as an agent of Jump in his transactions, and while this evidence is somewhat confusing we are of the opinion that on the whole it is sufficient to justify the action of the committing magistrate in holding the petitioner to answer the charge against him (*In re James,* 47 Cal. App. 207 [190 Pac. 466]).

This being so the writ is discharged and the petitioner remanded.

Knight, J., and St. Sure, J., concurred.