[Crim. No. 2695. Third Dist. Dec. 3, 1956.]

THE PEOPLE, Appellant, v. LESTER FARRELL JACKSON et al., Respondents.

Edmund G. Brown, Attorney General, and G. A. Strader, Deputy Attorney General, for Appellant.

Nathan B. McVey and E. Paul Fulfer for Respondents.

VAN DYKE, P. J.—After a preliminary hearing before a magistrate, respondents were held on a complaint charging them with burglary. An information was filed against them

and they moved the superior court to set it aside upon the grounds that they had been committed without reasonable or probable cause. The motion was granted and the People appeal.

The facts as shown at the preliminary examination are as follows: Mrs. Monica Ney was the owner of property consisting of an unoccupied dwelling house located in Stanislaus County. On March 3, 1956, she stopped at the premises and discovered that numerous items of furniture were missing; that a back door had been opened and the premises ransacked. It is not claimed that the proof of the corpus delicti was not sufficiently established. It appeared that numerous items which had been removed from the Ney premises were on March 2, 1956, consigned by defendants Jackson and Allen to one McCoy, a used furniture auctioneer in Hayward, who sold the articles except for two marble-top dressers. These were taken back by respondents and sold to a used furniture shop. In negotiating with McCoy, respondent Jackson signed his name "Lee Jakson" and in his dealings with the used furniture dealer he gave a false name, "H. Johnson," taking a check made out to him in that name. In talking with the investigating officer, Jackson first denied ever having sold any furniture in Hayward, but on further questioning, admitted that he had made such a sale and stated to the officer that he had purchased the articles from a man known as H. Green from whom he had taken a bill of sale. The officer and Jackson went to Jackson's home and obtained a bill of sale bearing a signature "H. Green." Also, Jackson stated to Bates that he had not been accompanied to Hayward by Allen and later on admitted that Allen had been with him. Bates talked with Allen, who first said he had never sold any articles of furniture to McCoy and then admitted that he had been with Jackson when the furniture was consigned. McCoy testified that in Allen's presence Jackson had stated that Allen was his partner.

It is familiar law that proof produced at a preliminary hearing is sufficient if it establishes reasonable and probable cause. It need not establish guilt. Reasonable and probable cause means such a state of facts presented to the magistrate as would lead a man of ordinary caution to believe and conscientiously entertain a strong suspicion that the person accused is guilty. (*People* v. *McRae,* 31 Cal.2d 184 [187 P.2d 741].) While mere possession of stolen goods is not sufficient evidence standing alone upon which

a charge of burglary may be sustained, yet such possession is a circumstance strongly indicating the guilt of the person in possession and must be considered in connection with all the circumstances shown. (*People* v. *Harrison,* 129 Cal. App.2d 197 [276 P.2d 188].) Among the circumstances which, coupled with the possession of stolen property, have been held sufficient to connect the accused with the crime and sustain a commitment are, false statements showing consciousness of guilt, false statements as to how the property came into defendants' possession, and the assumption of a false name. These circumstances were all present here. We hold the evidence sufficient to justify the magistrate in holding the defendants to answer.

Respondents argue that the delivery of a bill of sale signed "H. Green" and the statement of Jackson to the officer that it had been given to him by a man of that name from whom he had purchased the furniture explains away the appearance of guilt raised by the rest of the record. ■ Herein, however, respondents mistake the function of the trial court in passing upon the motion to quash. It is the record before the magistrate that is decisive. In arriving at his decision the magistrate may weigh the evidence, may resolve conflicts, and may give or withhold credence to witnesses. In testing the sufficiency of the showing made before him on motion to quash the superior court cannot do these things. (*In re Vandiveer,* 4 Cal.App. 650, 653 [88 P. 993]; *In re James,* 47 Cal.App. 205, 207 [190 P. 466].) ■ In *People* v. *Flanders,* 140 Cal.App.2d 765, 768 [296 P.2d 13], it is stated:

". . . On a motion to set aside an information, the court may not substitute its judgment as to the weight of the evidence for that of the magistrate conducting the preliminary examination. On such motion the court will not inquire into the sufficiency of the evidence if there is some evidence in support of the information."

While the investigating officer testified as to what Jackson told him about his purchase of the furniture and about the bill of sale and produced a document as that bill of sale, the magistrate was not required to believe that Jackson told the truth. In view of the admitted possession of the stolen articles and of the testimony of the officer as to the guilty conduct of respondents, the situation is the familiar one where a reviewing court is testing a record upon a challenge that it does not contain sufficient evidence to sustain a decision made by a trier of fact. In applying that test,

conflicts are to be disregarded, favorable evidence is to be accepted and every legitimate inference that may be drawn therefrom must be drawn in favor of the decision or order under review. When so viewed, if there is in the record evidence of sufficient substantiality to support the order or decision, the reviewing court is without power to set the decision aside.　■　Applying that rule to the facts disclosed by this record, we hold that the record before the committing magistrate met the test as being sufficient to lead a man of ordinary caution to believe and conscientiously entertain a strong suspicion that the respondents were guilty of the burglary of which they were accused.

The order of the superior court quashing the information is reversed.

Peek, J., and Schottky, J., concurred.