[Crim. No. 1541. Fourth Dist. May 19, 1960.]

THE PEOPLE, Appellant, v. DAVID MALKI, Respondent.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, Lowell E. Lathrop, District Attorney (San Bernardino), and Thomas W. Smith, Deputy District Attorney, for Appellant.

Joseph V. Mazziotta for Respondent.

GRIFFIN, P. J.—After a preliminary examination before a judge of the municipal court, defendant-respondent was held to answer on a complaint charging him with assault with a deadly weapon upon one Darrell Lambert with intent to commit murder in violation of Penal Code, section 217. An information charging the same offense was filed against him and he moved the superior court to dismiss it under Penal Code, section 995, on the grounds that he had been committed without reasonable or probable cause. The motion was granted and the People appeal from the order setting aside the information.

The facts presented at the preliminary hearing are as follows: On April 12, 1959, defendant's wife was separated from him and living in the home of a Miss Hernandez, a teacher in San Bernardino. On that day, at about 6 p.m., Miss Hernandez observed the defendant enter the kitchen of her home through the back door without knocking. Defendant asked his wife, who was present, to return home with him. He then used vulgar and abusive language to Miss Hernandez, who asked him to leave. Defendant refused to depart. The two women became frightened by his conduct and went into the living room of the house locking the door between the living room and the kitchen. Defendant pounded on the living room door and then went out of the house and around to the front door which had also been locked. Miss Hernandez called the police for assistance.

A police officer Lambert responded to the call, arriving at the Hernandez residence at about 6:08 p.m. He encountered the defendant in front of the house and the two men entered the house together. A discussion of the matter ensued, during which defendant directed several profanities at Miss Hernandez in a loud and argumentative tone. Finally the officer told defendant to step outside the house so that he could talk to the women out of his presence. Defendant did so and the officer talked to the two women, but during this time defendant began ringing the doorbell and pounding on the front door. The officer opened the door and stood on the porch with

defendant, the two women remaining inside. The officer then asked Miss Hernandez if she wanted to place defendant under a citizen's arrest and she said that she did. Miss Hernandez said, "All right, David, I'm placing you under arrest."

Officer Lambert then placed his hand on defendant's arm and asked him to "come along." The defendant refused to go and pulled away from the officer three times. After the third attempt, the officer said, "I'm placing you under arrest and you're going one way or another." Then defendant, who was very strong physically, raised his fist and started to strike the police officer. The officer drew his pistol and struck the defendant twice on the head in an effort to beat off the attack. In the ensuing struggle, the police officer's pistol fell to the ground and defendant gained possession of it. Defendant fired the pistol once while the officer was on the ground facing away from defendant and again when the officer was behind a nearby tree. The officer did not see either shot fired and a subsequent investigation failed to disclose where the bullets struck, but Miss Hernandez observed the struggle and testified that defendant pointed the pistol at the officer who was lying on the ground several feet away when he fired the first shot. Immediately after the shooting, defendant left the area, taking the officer's pistol with him.

 It is well settled that in considering a motion to set aside an information under Penal Code, section 995, the superior court may not reweigh the evidence or substitute its judgment as to the credibility of the witnesses for that of the committing magistrate.

 The evidence produced at a preliminary hearing need not establish guilt beyond a reasonable doubt. It is sufficient if it establishes reasonable and probable cause. ██ Reasonable and probable cause means such a state of proof presented to the magistrate as would lead a man of ordinary caution to believe and honestly entertain a strong suspicion that the person accused is guilty. (*People* v. *Flanders,* 140 Cal.App.2d 765, 768 [296 P.2d 13]; *People* v. *Jackson,* 146 Cal.App.2d 553, 556 [303 P.2d 767]; *People* v. *Evans,* 175 Cal.App.2d 274, 276 [345 P.2d 947].) [4] In *People* v. *Platt,* 124 Cal.App.2d 123 [268 P.2d 529], the court said:

"A court may not substitute its judgment as to the weight of the evidence for that of the magistrate. If there is some evidence to support the information, the courts will not inquire into its sufficiency. Under section 995 of the Penal Code, the

information will be set aside only where there is no evidence that a crime has been committed or there is no evidence to connect the defendant with a crime shown to have been committed. (*Lorenson* v. *Superior Court,* 35 Cal.2d 49, 55-57 [216 P.2d 859].)''

Defendant contends that the evidence adduced at the preliminary hearing is insufficient in that there is no evidence from which it may be inferred that he was motivated by malice or that he intended to kill the officer. It is also contended that the defendant was acting in self-defense in that he was defending himself against the use of excessive and unnecessary force used on his person by the police officer.

Proof of the intent with which an assault was made may be established by circumstantial evidence and the inferences which may be drawn therefrom. In determining whether an assault was made with intent to commit murder, the trier of fact may consider the character of the weapon used, the manner in which it was used and the purpose to be accomplished. Thus where pistols are fired at pursuers in an attempt to escape, verdicts of guilty of violations of Penal Code, section 217, have been upheld. (*People* v. *Dreyer,* 71 Cal.App.2d 181, 187 [162 P.2d 468]; *People* v. *Anthony,* 90 Cal.App.2d 122, 130 [202 P.2d 776]; *People* v. *Wilson,* 117 Cal. 688, 694 [49 P. 1054].)

To sustain defendant's contention that he was acting in self-defense would necessitate drawing inferences from the evidence contrary to those drawn by the committing magistrate. It is apparent that the magistrate could have concluded from the evidence that the officer acted reasonably and in the performance of his lawful duties and that the action of the defendant constituted unlawful resistance to a lawful arrest.

Defendant also contends that this court should reweigh the testimony of Miss Hernandez, which he describes as ''conflicting,'' ''erratic'' and ''vague.'' It is evident that he has misconceived the function of a motion under Penal Code, section 995. Although the testimony of Miss Hernandez was not as clear-cut and definite as it might have been, we are not empowered to reweigh the evidence or review the credibility of the witnesses who testified at the preliminary examination. In considering the sufficiency of the evidence to support the information, conflicts are to be disregarded, favorable evidence is to be accepted and every legitimate inference that may be drawn therefrom must be drawn in favor of the decision or order under review. (*People* v. *Jackson,* 146 Cal.App. 2d 553, 557 [303 P.2d 767].) Applying that test to

the evidence contained in the record here, we conclude that the evidence produced at the preliminary examination was sufficient to cause a man of ordinary caution to believe and conscientiously entertain a strong suspicion that the defendant was guilty of the crime with which he was charged.

Order reversed.

Coughlin, J., concurred.