[Crim. No. 4037. First Dist., Div. Three. Jan. 16, 1962.]

THE PEOPLE, Plaintiff and Appellant, v. DAVID L. TRACY, Defendant and Respondent.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, Richard D. Lee and Edsel W. Haws, Deputy Attorneys General, for Plaintiff and Appellant.

Francis H. Frisch for Defendant and Respondent.

DEVINE, J.—The People of the State of California appeal from an order granting a motion to set aside an information. The crime with which the defendant was charged was violation of subdivision 3(b) of section 192 of the Penal Code, involuntary manslaughter, by the driving of a vehicle in the commission of an unlawful act not amounting to a felony, which proximately resulted in the death of a human being. It is the contention of the People that on October 25, 1960, the defendant Tracy was driving a truck at the intersection of East Avenue and Highland Avenue in the Napa Judicial District, County of Napa, at a speed in excess of 25 miles per hour; that the speed limit at the intersection was 25 miles per hour; and that there was a collision between the truck and a bicycle, on which a boy six years old was riding, and that the violation of law was a proximate cause of the death of the boy. A preliminary hearing was held before Honorable William I. Locarnini, Judge of the Justice Court for the Napa Judicial District, and the defendant was held to answer. The motion to set aside the information was made pursuant to the provisions of section 995 of the Penal Code, upon the ground that the defendant had been committed without reasonable or probable cause. Specifically, the motion was based upon the contentions of the defendant that no evidence had been presented before the committing magistrate of the character of the district in which the intersection is located, and therefore there was no basis for determination of the lawful speed limit at said intersection; that there was no substantial evidence, in any event, that defendant was exceeding the speed limit of 25 miles per hour; and that there was no reasonable basis for determining that, assuming there had been a violation of the speed law, the death was a proximate result thereof.

On October 25, 1960, the defendant, respondent herein, was driving a pickup truck in a northerly direction along East Avenue. John S. Macky, the deceased, a 6-year-old boy, was riding his bicycle in a westerly direction at a speed which was described variously as "fairly fast" and "five miles an hour or so" by the witness Miller. There was a stop sign against traffic approaching the intersection along Highland Avenue, and the witness Miller, presented by the prosecution, testified that the boy entered the intersection without stopping and did not diminish his speed before the collision. The boy's bicycle passed in front of the truck but "the left side hit him," according to Miller's testimony. The extent of the

damage to the truck was described by Officer McDermott of the California Highway Patrol, but the point of impact against the truck is not exactly described and there are no photographs in evidence.

The bicycle got caught under the wheel, and the witnesses Miller and Kinney testified that sparks were flying from underneath the truck. Miller saw the boy "sliding down the street and pass my car," and Miller's car was parked, so far as we can deduce from the testimony, about 50 feet north from the northwest corner of the intersection. The point of collision was placed by the investigating officer, by scratch marks on the pavement which led to the front wheels of the truck and to the bicycle, and by flecks of red paint, the color of the bicycle, at about 15 feet south of the "north edge" of Highland and about 12 feet west of the east line of East Avenue. The witness Miller placed the point of collision as a little to the south of the middle of the intersection.

The distance from the point of collision, as it was determined by the officer, to the point where the truck came to a stop was 159 feet. The boy was found 90 feet from the point of collision. In reply to a question by defendant's counsel whether it was not possible that the boy was carried on the hood of the truck and dropped off about 90 feet after the impact, Officer McDermott testified that a witness had told him he saw the boy flying through the air. There was no objection to this hearsay testimony, nor was there any motion to strike.

Defendant did not testify at the preliminary hearing, but McDermott testified that defendant had stated to him, at the scene of the accident, that he was going approximately 25 miles an hour, that "all of a sudden, without any notice at all, the boy was directly in his path," and he did not have time to apply the brakes; that he struck the boy and "kind of froze" and came to a gradual stop. There were no skid marks, either before or after the point of collision.

Although, as was stated above, there is not an exact description of the damage done to the truck, it appears from the testimony of McDermott that there was a dent in the hood of $1\frac{1}{2}$ inches, and the louvres on the grille were all dented.

Miller testified that the defendant was driving 30 or 35 miles an hour, which he based mostly on the impact, because he saw the truck just "a second" or maybe a little more before the collision. Kinney saw the vehicle leaving the intersection toward the north and estimated the speed at between

20 and 40 miles an hour, but said he had "no definite opinion of it at all." McDermott estimated the speed at about 40 miles an hour. He made this estimate on the distance traveled by the truck following the collision, the distance of the boy's body from the place of collision, and the amount of damage done to the vehicle.

An order setting aside an information is appealable by the People (Pen. Code, § 1238, subd. 1), and the People have appealed from the order made by the judge of the superior court in this case. In determining whether a motion to set aside an information should be granted under section 995 of the Penal Code, on the ground that defendant has been committed without reasonable or probable cause, the test is not whether the evidence establishes the defendant's guilt beyond a reasonable doubt, but only whether the magistrate, acting as a man of ordinary caution or prudence, could conscientiously entertain a reasonable suspicion of the guilt of the defendant. (*People* v. *Platt*, 124 Cal.App.2d 123, 131 [268 P.2d 529] ; *People* v. *Malki*, 181 Cal.App.2d 118, 121 [5 Cal. Rptr. 207].) The court before which the motion to set aside the information is made may not substitute its judgment as to the weight of the evidence for that of the magistrate (*People* v. *Platt, supra,* at p. 131). The first point made by the moving party, respondent herein, is that evidence of the character of the area surrounding the intersection is lacking. It is conceded by the People that there is no specific evidence that the area constituted a "residence district." However, all of the controversy about speed, in the hearing before the magistrate, was directed to that of 25 miles an hour, and not only was there no point made by the defendant, before the magistrate, of failure to establish the legal limit of speed, but counsel for the defendant, in arguing against the weight of the testimony given by the witness Miller as to speed, said to the court, "The only evidence of any violation of law was, so far as the very tenuous opinion of Mr. Miller, who states that he saw this truck approximately one second before the impact; at that time he gathered that the truck was going in excess of 25 miles an hour. . . ." Considering the nature of a preliminary examination, we regard this statement of counsel as constituting either a stipulation that the speed limit was 25 miles an hour, or a waiver of proof on that subject. At the hearing of the motion to set aside the information, the judge of the superior court, while stating his doubt that the subject was covered in the record before the magistrate, said, "We all

know that this is a residential area," and remarked that the point was one that could easily be corrected on a further preliminary examination. It is obvious, from the remarks of the superior court at the hearing, that the motion was granted on other grounds. Under all the circumstances, we believe that it is fair to regard the remarks of counsel for the defendant at the preliminary hearing as constituting a stipulation or waiver.

At this point it is to be observed that contributory negligence of the victim is no defense to a criminal prosecution *(People* v. *Lett,* 77 Cal.App.2d 917 [177 P.2d 47]).

Therefore, the questions before the magistrate were whether the evidence would raise a strong suspicion, in the mind of a conscientious judge, that defendant had been engaged in an unlawful act, that of exceeding the speed law, and whether it would establish such a suspicion that such violation constituted a proximate cause, although not necessarily the sole proximate cause, of the death.

We believe that the testimony of the witnesses Miller and Kinney, together with the evidence of the distance traveled by the vehicle after the collision and the distance between the collision and the place where the boy's body was found, plus the testimony of the officer as to the damage to the truck, amply justify the magistrate in finding that the speed limit had been exceeded. To find otherwise would require reweighing of the evidence in a manner reserved for the ultimate trier of the facts, whether judge or jury, and in a manner not permitted to the judge on motion to set aside an information. *(People* v. *Platt, supra,* 124 Cal.App.2d 128; *People* v. *Malki, supra,* 181 Cal.App.2d 118.)

Considering next the subject of proximate cause, and applying the rule that every legitimate inference that may be drawn from the evidence must be drawn in favor of the order of commitment under review *(People* v. *Malki, supra,* at p. 122; *People* v. *Jackson,* 146 Cal.App.2d 553, 557 [303 P.2d 767]), we hold that the evidence presented by the prosecution was sufficient. At the hearing of the motion, the court expressed the belief that the accident would have occurred had the defendant been going 25 miles an hour, or considerably less than that. This in itself is debatable, and should be left to the trier of the facts, because a slightly lower speed on the part of the truck might have permitted the boy to pass unharmed, since he nearly did clear the vehicle. However, even assuming that the accident would have happened at a lesser speed, there would still be the question whether death would

have resulted. Subdivision 3(b) of section 192 of the Penal Code, in its reference to proximate result, reads: "This section shall not be construed as making any homicide in the driving of a vehicle punishable which is not a proximate result of the commission of an unlawful act, not amounting to a felony, or of the commission of a lawful act which might produce death, in an unlawful manner." It is the death, not merely the accident itself, which must be the proximate result of the commission of the unlawful act.

We note that the judge, in granting the motion to set aside the information, besides deciding that there was not reasonable cause, commented on the likelihood of an acquittal. It may well be that a trial will result in acquittal, but it is not the function of either the court hearing the motion or of this court to balance the probabilities of conviction or acquittal. Not only would such procedure go beyond the authority given in section 995 of the Penal Code so far as the court hearing the motion is concerned, but, also, it might well affect the decisions of magistrates on the one hand, and add to the burdens of appellate courts on the other.

The order setting aside the information is reversed.

Draper, P. J., and Salsman, J., concurred.