[L. A. No. 26621. In Bank. Feb. 20, 1962.]

WILLIAM De MOND, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; THE PEOPLE, Real Party in Interest.

Lewis Graham for Petitioner.

No appearance for Respondent.

William B. McKesson, District Attorney, Harry Wood, Robert J. Lord and Harry B. Sondheim, Deputy District Attorneys, for Real Party in Interest.

SCHAUER, J.—Defendant William De Mond seeks a writ of prohibition restraining the Superior Court of Los Angeles County from taking any further action upon an information charging him with the offense proscribed by section 10851 of the Vehicle Code.[1]

Defendant contends that he was committed without reasonable or probable cause in that the evidence introduced at the preliminary examination was insufficient as a matter of law to warrant holding him to answer. We have concluded that the contention is without merit and that the writ should be denied.

By complaint filed in municipal court defendant was

---

[1]Section 10851 provides in relevant part:

"Any person who drives or takes a vehicle not his own, without the consent of the owner thereof, and with intent either permanently or temporarily to deprive the owner thereof of his title to or possession of the vehicle, whether with or without intent to steal the same, . . . is guilty of a felony, . . . The consent of the owner of a vehicle to its taking or driving shall not in any case be presumed or implied because of such owner's consent on a previous occasion to the taking or driving of the vehicle by the same or a different person."

charged with grand theft of an automobile (Pen. Code, § 487, subd. 3) and violation of Vehicle Code, section 10851. After preliminary examination the committing magistrate dismissed the charge of grand theft but held defendant to answer on the charge of violating section 10851 of the Vehicle Code. Thereafter an information was filed in the superior court charging defendant with grand theft (Count I) and violation of Vehicle Code, section 10851 (Count II). Defendant moved to set aside the information on the ground that he had been committed without reasonable or probable cause (Pen. Code, § 995). The motion was granted as to Count I but denied as to Count II (i.e., Veh. Code, § 10851), and defendant entered a plea of not guilty to the latter charge. Defendant then filed the present petition for prohibition (Pen. Code, § 999a) on the ground that he was committed on Count II without reasonable or probable cause.

The principal witness for the People at the preliminary examination was Bert Baer, vice-president and manager of Hav-A-Kar Economy Car Rental, Inc. (hereinafter called Hav-A-Kar). Baer testified that on February 20, 1961, he rented a 1953 Pontiac to defendant. The printed "Rental Agreement" signed by defendant specified that the agreed rental period was to be from February 20, 1961, to February 24, 1961, at a rate of $4.00 a day and 4 cents a mile.[2] The witness testified that "around the 1st of March" defendant telephoned him (returning a call by Baer) and told him that repair work on his own car, a Cadillac, was not finished and that he would need the Pontiac for another two or three days. Baer testified that he answered, "All right, you bring it back in two or three days"; that he did not see or talk with defendant between that date and May 17 (when the Pontiac was repossessed); that defendant did not contact him in any way during that period; that he (Baer) tried to contact defendant by telephone five or six times after the March 1 conversation but both the business and home telephone numbers given to him by defendant had been disconnected; that he went to the business address given by defendant but found that defendant had moved from that address some time earlier; that he also went to 2509 Chislehurst Place, the home

---

[2]Among other terms defendant, as lessee, covenanted and agreed "5. *to return auto to lessor within the rental period* at its place of business in as good condition as received, reasonable wear and use excepted; . . . " (Italics added.)

address given by defendant, but found no one there at the time; that he never gave defendant permission to keep the Pontiac beyond the two or three days requested and granted on March 1, and that he knew of no one at Hav-A-Kar who had been asked by defendant for any further extension of time; that defendant had never paid for the use of the car.

Sergeant Ellson of the Los Angeles Police Department, the investigating officer in the case, testified that on May 17, 1961, he found the Pontiac in question at 2509 Chislehurst Place; that he notified David Shane, the owner of Hav-A-Kar, and that Mr. Shane came with a driver and took the Pontiac away.

Defendant took the stand and testified that he had lived at 2509 Chislehurst Place for the previous 11 years; that on March 3, 1961, he moved from the business address which he had given Baer to a new address; that to his knowledge his home telephone had never been disconnected; that he called Hav-A-Kar "every twelve or fifteen days after I rented the car" and told David Shane that he was trying to get an adjustment from Cadillac because of a faulty transmission, and that Shane told him to keep the Pontiac until he was "through with it." On cross-examination defendant admitted that he called Hav-A-Kar on March 1, but denied that anyone told him at that time to keep the car for just two or three more days. He admitted that he had never paid for the use of the car and had driven it himself during the entire period involved. He further admitted that "a week or ten days" before the car was repossessed on May 17 he found Shane's card in his mailbox with the following notation written on the back: "Our car will be reported embelezed [sic] if not returned in next 24 hours. Your contract has expired and car will be reported to police as stolen, resulting in your arrest if not returned." Defendant then testified that this card had been left in his mailbox the day after someone had disconnected the ignition coil on the car; that he called Shane and told him that "as long as they took the ignition out of the car, they can come up and get the car," but that no one came until 10 days later.

Section 872 of the Penal Code provides that the committing magistrate must hold the defendant to answer "If . . . it appears from the [preliminary] examination that a public offense has been committed, and there is sufficient cause to believe the defendant guilty thereof. . . ." The order of

344

commitment in the present case is phrased in the statutory language.[3]

In *Bompensiero* v. *Superior Court* (1955) 44 Cal.2d 178, 183-184 [3] [281 P.2d 250], we stated that "An indictment will not be set aside or a prosecution thereon prohibited if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it." The same rule applies to an information. Tested by this rule, there can be no doubt that the order of commitment in the present case is amply supported by the evidence.

The gist of the offense proscribed by Vehicle Code, section 10851, is the taking or driving of a vehicle without the owner's consent and with the specific intent to deprive the owner, permanently or temporarily, of title to or possession of that vehicle. From the testimony of Bert Baer the magistrate could properly have inferred that defendant kept and drove the rented Pontiac for more than two months beyond the expiration of the agreed period without authorization to do so and with the specific intent to deprive Hav-A-Kar at least *temporarily* of its *possession*. That the magistrate did draw such an inference is indicated by his statement, after the People rested, that "Well, the evidence before the Court so far is that he didn't inform the people of any change of address or where they could contact him about it, and the indications were that he was using the vehicle.

"I am just merely stating the evidence. He was using it without their knowledge of where it was being used, nor when it would be returned.[4] That at least raises an inference, more than just a breach of the contract, on the surface of it."

Defendant refers to "subsequent oral extentions [*sic*]" given to him by Shane, and implies that such evidence negates as a matter of law the possibility of finding sufficient cause to hold him to answer. These "oral extensions," however, appear only from defendant's testimony; Shane was not called as a witness, and Baer denied knowing whether defendant had

---

[3]The commitment order provides in relevant part:

"IT APPEARING TO ME that the offense charged in the complaint herein, to-wit: Count II, Violation of Section 10851 of the Vehicle Code of the State of California, a felony, having been committed, and that there is sufficient cause to believe the within-named defendant guilty thereof, I order that he be held to answer to the same; . . ."

[4]Insofar as defendant's continued residence at 2509 Chislehurst Place was relevant to the issue of specific intent, it was a matter to be weighed by the magistrate together with Baer's testimony that the telephone at that address was disconnected and that defendant changed his business address shortly after the March 1 conversation with Baer.

asked anyone at Hav-A-Kar (other than himself) for such extensions. ▮ The credibility of witnesses at the preliminary examination, of course, is a question of fact within the province of the committing magistrate to determine, and neither the superior court nor an appellate court may substitute its judgment as to such question for that of the magistrate. (*Perry* v. *Superior Court* (1962) *ante,* pp. 276, 283 [5, 6] [19 Cal.Rptr. 1, 368 P.2d 529]; *People* v. *Malki* (1960) 181 Cal.App.2d 118, 121 [1] [5 Cal.Rptr. 207]; *People* v. *Bouchard* (1958) 161 Cal.App.2d 302, 306 [8] [326 P.2d 646]; *People* v. *Cornette* (1958) 158 Cal.App.2d 724, 728 [1] [322 P.2d 1001], and cases there cited.) ▮ The magistrate is not bound to believe even the uncontradicted testimony of a particular witness, especially where the statements are self-serving and the magistrate has reason to believe that other testimony of the witness is untruthful. ▮ Here defendant denied being given only a two or three day extension on March 1. The magistrate, apparently choosing to believe Baer's testimony to the contrary, could properly have concluded that defendant was not telling the truth and hence could have disbelieved defendant's entire story of being given permission by Shane to keep the car until he was through with it. The magistrate could also have inferred that defendant was untruthful as to at least part of his testimony from his admission that he received a card from Shane warning him that the ''car will be reported to police as stolen, resulting in your arrest if not returned.'' That the magistrate did draw such an inference is indicated by his statement, after defendant testified, that ''We have this card here, of course, which is seven to ten days before [the car was repossessed], in which it is very indicative of that card that the situation wasn't exactly as [defendant] has indicated up to the present time by his testimony, and here is what we are confronted with.''

The foregoing disposes of all of the contentions urged upon the magistrate as grounds for dismissal of count II of the information (Veh. Code, § 10851). For the reasons stated, the alternative writ of prohibition is discharged and the petition for peremptory writ is denied.

Gibson, C. J., Traynor, J., McComb, J., Peters, J., White, J., and Dooling, J., concurred.