[Crim. No. 41.   Fifth Dist.   Sept. 4, 1962.]

THE PEOPLE, Plaintiff and Appellant, v. MELVIN S. CRON, Defendant and Respondent.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and Richard Diebold Lee, Deputy Attorney General, for Plaintiff and Appellant.

Willard B. Treadwell for Defendant and Respondent.

CONLEY, P. J.—This is an appeal from an order of the superior court granting a motion to set aside an information which charged Melvin S. Cron with violation of section 20001 of the California Vehicle Code in that:

". . . on or about the 2nd day of February, 1962, in the County of Merced, State of California, and prior to the filing of this Information, [he] did wilfully and unlawfully, being then and there the driver of a vehicle involved in an accident resulting in injury to Julia Aveiro [sic], fail to immediately stop said vehicle at the scene of the accident and fulfill the requirements of Sections 20003 and 20004 of this Code."

The ground upon which the motion was based was that

defendant had been committed without reasonable or probable cause (Pen. Code, § 995). It is conceded that an accident did happen at the time and place indicated in the information through a rear end collision of the automobile driven by defendant with the pickup truck driven by Mr. Avario in which his wife, Julia Avario, was riding; that as a result, Mrs. Avario was thrown from the truck and sustained injuries consisting of a cracked rib and bruises and contusions; that defendant did immediately stop his vehicle and that he remained in the vicinity for about five minutes. It is also clear that he did not give to either of the Avarios the information concerning his identity required by law, and he did not furnish aid to Mrs. Avario in connection with her injuries.

The contention was made by defendant's counsel in support of his motion that it was unnecessary and impractical, if not impossible, for the defendant to have given the necessary information to Mr. and Mrs. Avario due to the fact that they were "in a state of shock" and seemed to be uncertain as to what they should do. However, there was no evidence that either of the Avarios was unconscious, and while Mr. Avario was said to be nervous, it would appear that he was fully competent at all times to receive and comprehend the information which the law required the defendant to give him.

Section 20001 of the Vehicle Code reads as follows: "The driver of any vehicle involved in an accident resulting in injury to any person, other than himself, or death of any person shall immediately stop the vehicle at the scene of the accident and shall fulfill the requirements of Sections 20003 and 20004, and any person failing to stop or to comply with the requirements under such circumstances is guilty of a public offense and upon conviction thereof shall be punished by imprisonment in the state prison for not less than one year nor more than five years or in the county jail for not to exceed one year or by fine of not to exceed five thousand dollars ($5,000) or by both."

Vehicle Code section 20003 provides: "The driver of any vehicle involved in an accident resulting in injury to or death of any person shall also give his name, address, the registration number of the vehicle he is driving, the name of the owner, and upon request and if available exhibit his driver's license to the person struck or the driver or occupants of any vehicle collided with or shall give such information and exhibit his license to any traffic or police officer at the scene of the accident and shall render to any person injured in the

accident reasonable assistance, including the carrying or the making arrangements for the carrying of such person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that treatment is necessary or if such carrying is requested by the injured person.''

In *People* v. *Kuhn,* 139 Cal.App.2d 109, 112 [292 P.2d 964], the court said: ''The legislative purpose in enacting section 480 of the Vehicle Code [now § 20001] was to prevent the driver of the offending car from leaving the scene of the accident without furnishing the information as to his identity and without rendering the necessary aid to the injured person. (*People* v. *Scofield,* 203 Cal. 703, 708 [265 P. 914]; *People* v. *Kaufman,* 49 Cal.App. 570, 573 [193 P. 953].)''

Section 20004 of the Vehicle Code refers to cases in which death has resulted from the accident, and the section is not here applicable.

The fact that the defendant did immediately stop his car after the collision does not clear him of the charge. As is pointed out in *People* v. *Scofield,* 203 Cal. 703, 710 [265 P. 914], the failure to perform any of the acts required by legislation of this kind subjects a defendant to prosecution.

At the preliminary examination the witness Arthur Jacob Loewen testified that he saw the collision; that Mr. Cron stopped his vehicle and approached the place where Mrs. Avario had fallen from the pickup; that respondent did not talk with or identify himself to the occupants; that he asked defendant if he was going to tell the Avarios what had happened, and that Mr. Cron answered him that he didn't see any ''. . . apparent injury there or serious injury and under those circumstances he thought that he would not''; that the defendant remained at the scene about five minutes; that the witness took down defendant's automobile license number without the cooperation of the defendant, and that the defendant left the place of the accident. Highway Patrolman Prows testified that he went to the scene of the accident after the defendant had left; that he later obtained the license number of the automobile driven by Cron and went to Cron's home; that he asked him if he had had an accident on Santa Fe Drive on February 2; and Mr. Cron answered ''Yes'' and admitted that he was the driver of the automobile registered in his wife's name. Mr. Cron further stated to the officer that he had been traveling at about 50 miles an hour when he came up behind the pickup driven by the Avarios; that he struck the back of their vehicle; that he stopped and

went over to observe the damage to the pickup and the injuries to the occupants.

"He said the damage looked very minor, about the only thing he saw damaged was the license plate on the pickup, and the injuries to the woman didn't seem to be very bad, and so like a damn fool he got back in his car and left."

■ The inquiry to be made by a superior court judge on a motion to set aside the information in a case of this kind is whether the defendant was committed without reasonable or probable cause. ■ In pursuing this inquiry, the court should necessarily keep in mind that at a preliminary examition the evidence need not establish the defendant's guilt beyond a reasonable doubt; if the magistrate below reaches a conclusion that a crime has been committed and that the evidence adduced ". . . would lead a man of ordinary caution to believe and conscientiously entertain a strong suspicion that the person accused is guilty," he should properly hold the defendant to answer. (*People* v. *Jackson,* 146 Cal.App.2d 553, 555 [303 P.2d 767].) (See also *People* v. *McRae,* 31 Cal.2d 184, 187 [187 P.2d 741]; *Rogers* v. *Superior Court,* 46 Cal.2d 3, 7-8 [291 P.2d 929]; *People* v. *Tracy,* 199 Cal. App.2d 163, 167, 168 [18 Cal.Rptr. 487].)

In *Perry* v. *Superior Court,* 57 Cal.2d 276, 283 [19 Cal. Rptr. 1, 368 P.2d 529], the court said: "It is axiomatic that in considering the propriety of a motion to set aside an information pursuant to section 995 of the Penal Code, the reviewing court may not substitute its judgment as to the weight of the evidence for that of the committing magistrate. And if there is some evidence in support of the information, the court will not inquire into the sufficiency thereof. (*People* v. *Flanders,* 140 Cal.App.2d 765, 768 [296 P.2d 13]; see *Greenberg* v. *Superior Court,* 19 Cal.2d 319, 321-322 [121 P.2d 713].)" (See also *People* v. *Bouchard,* 161 Cal.App.2d 302, 306 [326 P.2d 646]; *De Mond* v. *Superior Court,* 57 Cal.2d 340, 344 [19 Cal.Rptr. 313, 368 P.2d 865].)

■ As was said in *People* v. *Platt,* 124 Cal.App.2d 123 [268 P.2d 529] at pages 130-131: "The evidence necessary to justify an order holding a defendant to answer to the superior court is not subject to the same test as that before a trial jury in a criminal action, and reasonable or probable cause may be found for holding to answer although the evidence does not establish the defendant's guilt beyond a reasonable doubt. All that is required is a reasonable probability of the defendant's guilt." (See also *People* v. *Davis,* 175

Cal.App.2d 365, 367 [346 P.2d 248]; *People* v. *Malki,* 181 Cal.App.2d 118, 121 [5 Cal.Rptr. 207].)

The reviewing court will not inquire into the sufficiency of the evidence to justify an ultimate conviction so long as there exists some substantial evidence of probative value in support of the information. (*People* v. *Tracy,* 199 Cal.App.2d 163, 167 [18 Cal.Rptr. 487]; *People* v. *Jackson, supra,* 146 Cal.App.2d 553, 556; *People* v. *Wisecarver,* 67 Cal.App.2d 203, 209 [153 P.2d 778]; *People* v. *Mitchell,* 27 Cal.2d 678, 681 [166 P.2d 10].)

"[C]onflicts are to be disregarded, favorable evidence is to be accepted and every legitimate inference that may be drawn therefrom must be drawn in favor of the decision or order under review." (*People* v. *Jackson, supra,* 146 Cal. App.2d 553, 557.) (See also *People* v. *Malki, supra,* 181 Cal.App.2d 118, 121; *People* v. *Wilson,* 183 Cal.App.2d 149, 152 [6 Cal.Rptr. 872].)

On the record, the superior court should have found that the defendant was properly committed and that there was no ground to grant the motion.

The order granting the motion to set aside the information is reversed with instructions to the trial court to deny the motion.

Brown, J., and Stone, J., concurred.