[Crim. No. 13793. First Dist., Div. One. Nov. 24, 1975.]

THE PEOPLE, Plaintiff and Appellant, v.
PRICE M. COBBS et al., Defendants and Respondents.

## COUNSEL

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Robert R. Granucci and Jerome C. Utz, Deputy Attorneys General, for Plaintiff and Appellant.

Garry, Dreyfus, McTernan, Brotsky, Herndon & Pesonen and James Herndon for Defendants and Respondents.

## OPINION

**ELKINGTON, J.**—The instant appeal is taken by the People from an order of the superior court setting aside, under Penal Code section 995, an information charging defendants Price M. Cobbs and Stanley Seiderman with certain felonies. Defendant Cobbs, although given notice according to rule 17(b), California Rules of Court, has chosen to file no respondent's brief on the appeal.

We have concluded, for the reasons we now state, that the subject order should be reversed.

The issue posed is not whether the evidence produced before the magistrate at the preliminary hearing established the defendants' guilt beyond a reasonable doubt, but only whether the magistrate, acting as a person of ordinary caution and prudence, could conscientiously entertain a reasonable suspicion of the guilt of the defendants. (*People* v. *Tracy,* 199 Cal.App.2d 163, 167 [18 Cal.Rptr. 487].)

The defendants were jointly charged with one count of grand theft (Pen. Code, §§ 484, 487), one count of conspiracy (Pen. Code, § 182) to commit grand theft and violations of Penal Code section 72 and Welfare and Institutions Code section 14107, and fifteen counts of violation of Penal Code section 72.

Penal Code section 72 provides:

"Every person who, with intent to defraud, presents for allowance or for payment to any state board or officer, or to any county, city, or district board or officer, authorized to allow or pay the same if genuine, any false or fraudulent claim, bill, account, voucher, or writing, is punishable either by imprisonment in the county jail for a period of not more than one year, by a fine of not exceeding one thousand dollars ($1,000), or by both such imprisonment and fine, or by imprisonment in the state prison for a period of not more than five years, by a fine of not exceeding ten thousand dollars ($10,000), or by both such imprisonment and fine.

"As used in this section 'officer' includes a 'carrier,' as defined in Section 14057 or 14555 of the Welfare and Institutions Code, authorized to act as an agent for a state board or officer or a county, city, or district board or officer, as the case may be."

Welfare and Institutions Code section 14107 reads:

"Any person who, with intent to defraud, presents for allowance or payment any false or fraudulent claim for furnishing services or merchandise, knowingly submits false information for the purpose of obtaining greater compensation than that to which he is legally entitled for furnishing services or merchandise, or knowingly submits false information for the purpose of obtaining authorization for furnishing services or merchandise under this chapter is punishable by imprisonment in the county jail not longer than one year or in the state prison not exceeding five years, or by fine not exceeding five thousand dollars ($5,000), or by both such fine and imprisonment.

"The enforcement remedies provided under this section are not exclusive and shall not preclude the use of any other criminal or civil remedy."

Each of the 17 counts of the information arose out of the alleged filing with a state officer of "service reports" of which the following, for our purposes, may be deemed typical.

SERVICE REPORT
MC 665 (REV. 4 70)

PATIENT'S NAME: LESLIE KATIE

PATIENT'S ADDRESS: 20 OAKGROVE AVE
WOODACRE, CALIF. 94973

PATIENT'S IDENTIFICATION
2184-00-00315-050
KATIE LESLIE
0007
*0372*POE* N*F*G

PATIENT'S BIRTHDATE: 3 / 17 / 50   AGE 21   SEX FEMALE

NAME AND ADDRESS OF PROVIDER OF SERVICE
COBBS PRICE M MD P    PROVIDER NO. 0-C21737
5516 SACRAMENTO ST
SAN FRANCISCO CALIF   38 81 20
91118

DATE THIS FORM WAS PREPARED: 4/18/72

DIAGNOSIS AND CONCURRENT CONDITIONS
Depressive Neurosis 300.4
298

THIS IS TO CERTIFY THAT THE FOREGOING INFORMATION IS TRUE, ACCURATE AND COMPLETE. I UNDERSTAND THAT PAYMENT AND SATISFACTION OF THIS CLAIM WILL BE FROM FEDERAL AND STATE FUNDS, AND THAT ANY FALSE CLAIMS, STATEMENTS, OR DOCUMENTS OR CONCEALMENT OF A MATERIAL FACT, MAY BE PROSECUTED UNDER APPLICABLE FEDERAL OR STATE LAWS.

PLACE OF SERVICE CODES
1=IN-PATIENT HOSPITAL  2=OUT-PATIENT HOSPITAL  3=NURSING HOME  4=HOME  5=OFFICE

| DATE OF SERVICE | PROCEDURE NUMBER | DESCRIBE EACH SERVICE OR APPLIANCE SEPARATELY | YOUR FEE | PLACE OF SVC CODE |
|---|---|---|---|---|
| 3 9 72 | 90800 | Psychotherapy 50 min. | 40.00 | 5 |
| 3 16 72 | 90800 | Psychotherapy 50 min. | 40.00 | 5 |
| 3 23 72 | 90800 | Psychotherapy 50 min. | 40.00 | 5 |
| 3 30 72 | 90800 | Psychotherapy 50 min. | 40.00 | 5 |
| 3 14 72 | 90800 | Psychotherapy 50 min. | 40.00 | 5 |
| 3 21 72 | 90800 | Psychotherapy 50 min. | 40.00 | 5 |

Hereafter our use of the term "service report" is intended to mean such a document, filled out in substantially the same manner, and signed by defendant Price M. Cobbs.

Evidence produced before the magistrate tended to establish the following.

Price M. Cobbs (hereafter for convenience "Dr. Cobbs") was a licensed physician and a medical provider. Stanley Seiderman (hereafter for convenience "Seiderman") was a licensed clinical social worker. Over a period of time Dr. Cobbs had prepared, signed and filed with a state officer, certain "Medi-Cal" service reports. Although he had not performed such services, each service report indicated that he had rendered "psychotherapy" for the person named thereon, and had made claim for the "fee" there noted and which was thereafter paid. None of such persons was a patient of Dr. Cobbs; indeed, only two were even acquainted with him. Generally, the persons were acquainted with Seiderman, but with few exceptions had received neither therapy, nor treatment nor counseling from him; the exceptions stated that they had received some counseling. And apparently none knew of the claims of Dr. Cobbs that appeared on the service report relating to him or to her. Seiderman had filled out the service reports for Dr. Cobbs' signature. The fees forwarded by Medi-Cal were divided two-thirds to Seiderman and one-third to Dr. Cobbs.

In the superior court the defendants contended, and the court agreed, that "there were no fraudulent statements made on the claim forms, and [that] the claim forms were themselves ambiguous."

■ We have concluded that these contentions are untenable. Each of the service reports falsely stated that "psychotherapy" had been rendered for the person whose name was used, and each sought payment for services which had not been performed. The claim of fatal "ambiguity" results from the certification of the service report, *q.v.*, "that the *foregoing* information is true, accurate and complete" (italics added), *under* which certification is found the described "psychotherapy," and the claimed fees therefor. The magistrate, as a person of ordinary caution and prudence, reasonably interpreted the certification as referring to the whole of the service report, as indeed did Dr. Cobbs, Seiderman and Medi-Cal. That conclusion was binding on the superior court, and is now binding on us. Even if we were to accept defendants' unrealistic and technical argument, it nevertheless appears that the *"foregoing informa-*

*tion"* of the service report, *q.v.,* included such *false statements* as that the subject was a "patient" and a "new patient," and that her condition was caused by "illness," and a "new illness," diagnosed as "Depressive Neurosis" by the "provider of service," Dr. Cobbs.

The related argument that the "requisite fraudulent intent" is not shown, is patently invalid. Such an intent "is manifested by the circumstances connected with the offense." (Pen. Code, § 21; 1 Witkin, Cal. Crimes (1963) Elements of Crime, § 53, subd. (4), pp. 58-59.)

Nor is merit seen in the contention that Penal Code section 72, and Welfare and Institutions Code section 14107, are unconstitutionally vague and uncertain, since neither forbids "the conduct ascribed to the defendants." Each of these statutes proscribes, without uncertainty and under pain of imprisonment, the presentation of a fraudulent claim, with intent to defraud, to a public officer or agency.

The order setting aside the information and discharging the defendants is reversed.

Molinari, P. J., and Sims, J., concurred.