No. 856

BARBER v. STATE

· Ohio Appeals, 4th Dist., Hocking Co.

Decided Oct. 15, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

118. AUTOMOBILES—747a. Manslaughter —"Without due regard for the safety and rights of pedestrains and drivers and occupants of all other vehicles, and so as to endanger the life, limb or property of any person while in the lawful use of the roads or highways," as used in 12603-1 GC., includes passenger, in automobile unlawfully operated.

Error to Common Pleas.

Judgment affirmed.

Eugene Wright, Logan, for Barber.

Phil A. Henderson, Logan, for State.

STATEMENT OF FACTS.

Jethro Barber was indicted and convicted of the charge of manslaughter. The state claims that the accused killed Alexander Snedden, who was, at the time, riding with the accused in the former's automobile; as a proximate result of the accused violating three laws of this state. One, the law against operating an automobile while in a state of intoxication; another, the statute against operating a motor vehicle at a speed greater than is reasonble and proper, having regard for the width, traffic, use and the general and usual rules of such road or highway, and particularly that the accused was, at the time, operating his automobile in the closely built up portion of the municipality; third, that the accused was violating Section 12603-1 GC., which denounces the operation of an automobile on the public roads "without due regard for the safety and rights of pedestrains and drivers and occupants of all other vehicles, and so as to endanger the life, limb or property of any person while in the lawful use of the roads or highways."

OPINION OF COURT

The following is taken, verbatim, from the opinion.

MAUCK, J.

One of the assignments of error relates to the application and interpretation of the language just quoted. It is contended that Snedden was neither a pedestrain nor driver or oc-

(Continued on Page 782)

# STATE SUPREME COURT
## NEW CASES, PROCEEDINGS AND DECISIONS

## Weekly Report of NEW CASES DOCKETED

### November 16, 1927

20809—Floyd Hewitt v. State of Ohio; motion for leave to file petition in error to the Court of Appeals of Ashtabula County. Hogue & Dunlap, Ashtabula, for deft.

20810—Cleveland, Cincinnati, Chicago & St. Louis Railway Co. v. Heywood J. Hosler; motion for Lorain Appeals to certify. H. C. Johnson, Elyria, for pltff; R. L. Carr, Cleveland, for deft.

### November 22, 1927

20820—B. R. Thomas v. Mrs. W. D. Black, Jr.; motion for Mahoning Appeals to certify. W. E. Pfau, Youngstown, for pltff; Osborne & Phillips, Youngstown, for deft.

20821—State of Ohio ex rel. John Rowlands v. Industrial Commission of Ohio in Mandamus. Cerrezin & Wilson, Cleveland, for pltff; E. C. Turner, Atty. Genl., and R. R. Zurmehly, Columbus, for deft.

### November 25, 1927

20822—Stark Electric Railroad Co. v. Public Utilities Commission of Ohio; error to the Public Utilities Commission of Ohio. Herbruck, Shetler & Roach, Canton, for pltff; E. C. Turner, Atty. Genl., and A. M. Calland, Columbus, for deft.

20823—Julia Lumas v. Mike George Lumas; motion for Cuyahoga Appeals to certify. J. H. Mellen, Cleveland, for pltff; Gordon & Gordon, Cleveland, for deft.

20824—Green Cab Co. v. William Barr, motion for Cuyahoga Appeals to certify. McConnell, Blackmore & Carry, Cleveland, for pltff; Winch, Lurie & Burke, Cleveland, for deft.

20825—George H. Olmsted v. Metropolitan Life Insurance Co.; motion for Cuyahoga Appeals to certify. Davis, Young & Vrooman, Cleveland, for pltff; Cook, McGowan & Burgess, Cleveland, for deft.

20826—Homer Rohlf v. Great American Mutual Indemnity Co. et; motion for Huron Appeals to certify. Young & Young, Norwalk, for pltff; E. G. Martin, Norwalk, for deft.

20827—State of Ohio v. Saranus A. Lengel; motion for leave to file petition in error to Stark Appeals. H. W. Harter, Canton, for pltff; W. B. Rodgers, Canton, for deft.

### November 26, 1927

20828—G. A. Oyster et v. The Public tilities Commission of Ohio; error to the Public tilitiUes Commission of Ohio. Postlewaite & Bricker, Columbus, for pltff; E. C. Turner, Atty. Genl., and A. M. Calland, Columbus, for deft.

20829—Edward Copeland v. State of Ohio; error to Montgomery Appeals. H. E. Kreitzer, Dayton, for pltff; Ralph E. Hospot, Dayton, for deft.

### November 27, 1927

20830—Stanley Adamkiewicz et v. John Olenich; motion for Cuyahoga Appeals to certify. F. I. Kmiecik, Cleveland, for pltff; Burt Glick, Cleveland, for deft.

20831—Central Alloy Steel Corp. v. F. R. Beaumont Co.; motion for Stark Appeals to certify. Black, McCuskay, Ruff & Souers, Canton, for pltff; McCarty & Burt. Canton, for deft.

### November 29, 1927

20832—I. J. Smith v. Diebold Safe & Lock Co.; motion for Stark Appeals to certify. Hart & Koehler, Alliance, for pltff; Upham & Jansen, Canton, for deft.

20833—Paul L. Feiss v. Marjorie Hensch; motion for Cuyahoga Appeals to certify. Davis, Young & Vrooman, Cleveland, for pltff; C. W. Savage, Cleveland, for deft.

20834—Cleveland Railway Co., a corp., v. Hazel I. Sutherland; motion for Cuyahoga Appeals to certify. Squire, Sanders & Dempsey, Cleveland, for pltff; Gott & Bloomfield, Cleveland, for deft.

## PROCEEDINGS OF SUPREME COURT

### WEDNESDAY, NOV. 30. 1927.

For reference to Location of Reports of these Cases, see Omnibus Index.

### GENERAL DOCKET

cupant of another vehicle and that he was not a person then in the lawful use of the roads or highways, and consequently that there was no violation on the part of the accused if the latter so operated his automobile as to endanger the life of Snedden. We can not give to this section the restricted interpietation contended for. Snedden was in the lawful use of the highway. He was travelling in the machine of the accused and with the consent of the accused and there is as much reason for the law to protect his life and limb as to protect those of any other person using the highways. This view is sustained by all the authorities cited by the plaintiff in error. We find no error in the record.

(Middleton, J., concurs. Sayre, PJ., not sitting.)