MASONCUP *v.* THE STATE OF OHIO.

(Decided December 8, 1933.)

*Messrs. Miller, Searl & Fitch,* for plaintiff in error.
*Mr. Emery F. Smith,* prosecuting attorney, and *Mr. James B. Miller,* for defendant in error.

Blosser, P. J. The plaintiff in error, Robert Mason-cup, who was the defendant below, was indicted, tried, and convicted of the crime of manslaughter. The indictment charged that the defendant "unlawfully did kill Gladys Clark." The evidence disclosed that Gladys Clark was riding in the defendant's automobile, which was being operated by him outside of a municipality. Three persons, besides the deceased, were riding in the car, and all were seated on the driver's seat. The defendant was at the wheel, the deceased was at the extreme right, and two other persons were seated between the two. They had whisky with them and all had been drinking. The defendant admitted having taken two drinks of whisky. It was at night, had been raining, and the road was slippery. The defendant stated that he was running about forty miles per hour, and that he had been cautioned by the other members of the party that he was driving fast and that he had better slow down. At a curve in the road the automobile went into a ditch, was wrecked, and Gladys Clark was killed.

I. The defendant claims that the occurrence was a mere accident caused by the slippery condition of the road, while the state claims that the death of Gladys Clark was the proximate result of the defendant's violation of four provisions of the criminal statutes of this state.

(a) The state asserts that the defendant violated Section 12603, General Code, which provides against operating a motor vehicle at a speed greater or less than is reasonable and proper, etc. Although the statute provides that it shall be *prima facie* lawful to operate a motor vehicle forty-five miles per hour outside of a municipal corporation, the jury may have found that considering all the facts and circumstances, including the slippery condition of the road, together with its width and curves, he was operating his auto-

mobile at a speed greater than was reasonable and proper.

(b) The state claims that the defendant violated Section 12603-1, General Code, which provides: "Whoever operates a motor vehicle on the public roads or highways without due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles, and so as to endanger the life, limb or property of any persons while in the lawful use of the roads or highways shall be deemed guilty," etc.

The defendant asserts that the court erred in charging with reference to this statute; that the statute does not apply to the facts in this case, because Gladys Clark was a mere passenger in his automobile, and therefore did not come within the terms of the statute. However, a person who is a passenger in an automobile with the consent of the driver is included within its terms. Such person is "in the lawful use of the roads or highways." To hold otherwise would be to give too narrow an interpretation to the statute, and its meaning should not be so restricted, for there is as much reason for the law to protect such person as to protect any other one using the highway. 4 Ohio Jurisprudence, 864. This court so construed the statute in *Barber* v. *State*, 5 Ohio Law Abs., 780.

The jury had a right to consider whether the defendant was violating the law in attempting to drive his automobile when he was in a cramped position under the steering wheel with four persons on the seat. All of this necessarily impaired the use of his arms in the proper operation of the car. The jury had a right to consider whether or not he should have driven in that position in the night season on a slippery and dangerous road.

(c) The state also asserts that the defendant was guilty of violating Section 12628-1, General Code, in that he was operating his automobile on the public highway in a state of intoxication, and was operating

his automobile on the public highway while under the influence of alcohol. The evidence as to whether the defendant was intoxicated or under the influence of alcohol is conflicting. However, the defendant admitted that they had whisky, that they all drank, and that he took two drinks of the whisky. One of the party said that all felt it and were under its influence. Some of the persons who were at the scene immediately after the wreck said that they could smell alcohol on the defendant's breath, and that he reeled and staggered. Under the evidence it was the duty of the court to charge with reference to this phase of the case.

In the general charge, the court, after quoting the statute, said, in part: ''The expression 'under the influence of alcohol' means just exactly what it says, and that is that some alcohol must have been drunk by the person,—the amount being immaterial, but the effect of which caused some influence on that person.''

The defendant claims that this part of the charge is erroneous in that it is misleading and prejudicial. It is said that the phrase ''the amount being immaterial'' might be interpreted by the jury to mean that if the defendant had one drink of alcoholic beverage he was guilty under the statute. The language cannot be so construed. It can readily be seen that neither the statute nor the court can lay down a rule fixing the exact quantity of alcoholic beverage which a person can drink before he is declared to be intoxicated or under the influence of alcohol. If a person drinks alcoholic beverage and he is either in a state of intoxication or under the influence of alcohol, while operating a motor vehicle, he has violated the statute regardless of the amount he has consumed. The material part of the offense is, not that the liquor was drunk, but that the effect of it produced some influence on him. The operative words of the statute are ''under the influence.'' It is therefore not important whether a person drank

a large or small amount if it produced the influence and affected his actions. We do not think the charge is erroneous or misleading.

II. The defendant asserts that even if he did violate one or more of the statutes named, there is no witness who testified that such violation had any bearing upon his manner of driving, and that it was necessary for the state to prove by direct evidence that the violation of these statutes was the immediate cause of the death of the deceased. No direct evidence was necessary, as facts may be proven by circumstantial as well as direct evidence. The jury had a right to draw proper inferences from the facts and circumstances proven.

III. The defendant asserts that he was entitled to have a charge on contributory negligence as reflecting on the proximate cause. The court in the general charge covered this phase of the case, and in the absence of a request to further charge in this particular, no error was committed.

IV. The court committed no error in refusing to give special charges requested by the defendant, for the reason that request No. 1 was covered by the general charge and request No. 2 was at least argumentative and misleading.

After a consideration of the record we find no prejudicial error, and the judgment is affirmed.

*Judgment affirmed.*

MIDDLETON and MAUCK, JJ., concur.