Bell, J.,
dissenting. In my opinion the judgment of the Court of Appeals in the instant case should be affirmed. I maintain that the two cases in conflict with the judgment of the Court of Appeals in the instant case were incorrectly decided. Those cases (Barber v. State, 5 Ohio Law Abs., 780, and Masoncup v. State, 47 Ohio App., 32, 189 N. E., 512) were decided upon the ground that there is as much reason for the law to protect his (the occupant’s of defendant’s car) life and limb as to protect the life and limb of any other persons using the highways.
*141 I am not particularly concerned with the question of whether in the instant case the doctrine of ejusdem generis does or does not apply. If the conclusion of the Court of Appeals is correct, it is unimportant whether correct reasons for such conclusion were assigned. Therefore, even assuming that the doctrine of ejusclem generis has no application, the conclusion reached by the Court of Appeals in the instant case is correct.
In the opinion in the Barber case, supra, no authority is cited to support the conclusion reached. Some of the language of that opinion was copied into the text in 4 Ohio Jurisprudence, 864, Section 259. In the Masoncup case, supra, the only authorities cited are the Barber case and 4 Ohio Jurisprudence, supra. Consequently, all the authority in Ohio upon this subject comes from one Court of Appeals. It should be further noted that the Barber case was decided before the statute (Section 6308-6, General Code), commonly known as the Guest Statute, was enacted; that the Masoncup case was tried prior to the effective date of such statute; and that the Guest Statute was not considered or mentioned in the opinion in either case.
Before proceeding to an analysis of the section under consideration let us indulge in a few well-known and uncontrovertible observations. All crimes in Ohio are defined by statutes and such statutes are to be strictly construed in favor of the accused and against the state.’ It is axiomatic that statutes creating and defining crimes cannot be extended by intendment. Before a man can be punished his offense must be plainly and unmistakably within the statute. United States v. Resnick, 299 U. S., 207; United States v. George, 228 U. S., 14; Bradley v. State, 79 Fla., 651; State v. Breffeibl, 130 La., 904; 10 A. L. R., 1129; 40 L. R. A., (N. S.), 535; People v. Goulding, 275 Mich., 353, and State v. Evans, 154 Miss., 95.
*142 It is stated in the majority opinion that the deceased was an occupant in defendant’s'automobile. The record discloses that he was a guest. The defendant was convicted upon the third count of an indictment charging manslaughter in the second degree. (Section 6307-18, General Code.) Such count was based upon the violation of Section 6307-20, General Code. That section contains but one sentence which, for the purpose of discussion, will be broken down into two separate clauses.
The first clause reads: “No person shall operate a vehicle, trackless trolley or streetcar without due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles, trackless trolleys and street cars.” (Emphasis added.) It has not been suggested that one could be convicted of manslaughter for the unintentional killing of a guest in Ms automobile under the first clause of the statute.
The second clause reads: “ * * * and so as to* endanger the life, limb or property of any person while in the lawful use of the streets or highways.” It is under the latter clause that the majority concludes the defendant may be convicted for the unintentional killing of his guest. In my opinion the second clause has no application to persons in vehicles, trackless trolleys or streetcars, but applies to persons in the lawful use of the streets or highways other than pedestrians and the occupants of such vehicles. It applies, for example, to persons engaged in building or repairing the roads, traffic officers directing traffic, firemen engaged in extinguishing fires, etc. Even assuming that the second clause could apply to a guest in a recklessly driven vehicle, I am unable to follow the conclusion that such guest is in the lawful use of the street or highway. In my thinking the guest is merely being transported over the highway in a vehicle which is being unlawfully -operated and, although ordinarily not liable *143 either civilly or criminally for the unlawful operation of the vehicle, such guest is not in the lawful use of the highway within the purview of Section 6307-20, General Code.
The General Assembly of Ohio has not seen fit to protect the life or limb of a guest riding in an automobile from acts of the driver thereof to the same extent as occupants of other vehicles, pedestrians or persons lawfully using the streets, as is evidenced by the passage of the Guest Statute.
To all persons except a guest, the operator of a motor vehicle is civilly liable for negligence, but to the guest the driver is civilly liable only if injury or death is caused by his wilful or wanton misconduct, and therein to me lies the reason for the failure of the General Assembly to include a guest within the language of Section 6307-20, General. Code.
This conclusion is fortified by the fact that Section 6307-20, General Code, was passed as part of a uniform traffic code which was enacted more than eight years after the passage of the Guest Statute.
In this connection it is interesting to observe the definition of reckless driving as submitted to the General Assembly by the National Conference of Commissioners on Uniform State Laws. It should be observed in passing that the General Assembly adopted most of the Uniform Motor Vehicle Act as submitted, but substantially changed the definition of reckless driving.
The Uniform Motor Vehicle Act defines reckless driving as follows:
“Any person who drives any vehicle upon a highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any per *144 son or property, shall be guilty of reckless driving and upon conviction shall be punished as provided in subdivision (b) of this section.” (Emphasis added.)
Had the General Assembly adopted that definition, undoubtedly a person could' be convicted of manslaughter for the unintentional killing of a guest in his car, resulting from his reckless operation thereof. However, the language used by the General Assembly in Section 6307-20, General Code, indicates a clear intention to protect the driver of an automobile from conviction of manslaughter where a guest of such driver is unintentionally killed as a result of the driver’s reckless operation.
In the case of Jackson v. State, 101 Ohio St., 152,127 N. E., 870, Judge Robinson, at pages 156 and 157, uses the following language:
“We are unable to comprehend the consistency of a rule which would justify the conviction of the surviving party to a fatal accidental collision that would not, upon the same state of facts, entitle the representative of the decedent to recover a judgment in a civil action for wrongful death. Surely we have not reached a point in the administration of justice where a man’s liberty is less sacred than his property.”
In the instant case the deceased being a guest in the automobile of the defendant and the injury and death being unintentional, the legal representative of the deceased could not recover in a civil action for the wrongful death upon this same state of facts.
By the pronouncement of the majority in the instant case we have now reached the point where a man’s liberty is less sacred than his property.
One further observation — the majority opinion discusses the question of contributory negligence. No one will disagree with the statement that generally speaking contributory negligence upon the part of a *145 deceased, or upon the part of a third person is not a defense to an indictment charging manslaughter based upon the unlawful operation of an automobile. Under the wording of Section 6307-20, General Code, a judgment of guilty of manslaughter predicated upon a violation of that section could not be sustained unless the deceased person was in the lawful use of the street or highway. Hence, if the negligence of the deceased amounted to an unlawful use of the street or highway, such conviction could not be sustained.
The majority opinion extends Section 6307-20, General Code, under the claim of legislative intendment, and results in the punishment of a man whose ease is not plainly and unmistakably within the statute.
A salutary rule of construction of criminal statutes is to determine what the General Assembly did and not what the court may think the General Assembly intended to do.
For the reasons stated, I dissent from the judgment.