489 P.2d 107

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Harold F. HEEMER, Defendant and Appellant.**

**No. 12496.**

Supreme Court of Utah.

Sept. 27, 1971.

James W. Freed, Salt Lake City, for appellant.

---

5. This statute was modified in 1898; see § 1116, Comp.Laws, 1907.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Chief Asst. Atty. Gen., Salt Lake City, for respondent.

ELLETT, Justice.

The appellant was convicted by a jury of the crime of embezzlement in violation of Section 76–17–5, U.C.A.1953, as amended (1971 Pocket Supp.), which so far as material reads:

> Every person who has leased or rented a motor vehicle, * * * and who wilfully fails to return the same to its owner within ten days after the lease or rental agreement has expired, is guilty of embezzlement.

He appeals and claims two errors were made in the court below: (a) He was denied the right to counsel and (b) the evidence does not support the jury verdict.

■ The appellant had counsel at every stage of the proceedings in this action. At the preliminary hearing and thereafter at the arraignment he was represented by Mr. Hutchison. At trial he was represented by Mr. Davis. No complaint is made as to the ability of either counsel. The record does not reveal the date when Mr. Davis assumed control of the case. However, the appellant now says that he was denied the right to counsel because Mr. Davis did not have time to prepare for the trial. It is interesting to note that Mr. Davis made no such complaint, nor did he request any continuance, but indicated to the court that he was ready for trial.

■ As to the evidence presented to the court, it might be that we would not have been convinced of the defendant's guilt beyond a reasonable doubt had we been on the jury. However, our function is to see if error has been committed in the trial of the appellant—not to find the facts of the case. No authority need be cited for the rule of law that if there is any substantial, competent evidence in the record which supports the verdict, then it would be our duty to affirm the finding of the jury and not substitute our judgment therefor.

The defendant did not see fit to testify in his own behalf, and so the jury would be warranted in believing the following testimony of the complaining witness:

The appellant rented an automobile from his car rental agency on February 21, 1970, for a period of one week at the rate of $40.00 per week, paying at the time $20.00. The car was to be returned February 28, 1970, but it was not returned on that date. Without ever making any further payments on the agreement, the appellant managed through various excuses given by phone to keep the car until one Friday in early April, when he returned it in order to get the new license decal so he could continue to operate it. While the complaining wit-

ness had theretofore given permission for the appellant to continue to use the car on a somewhat open-ended contract, he told the appellant on Friday that he must surrender the car the following Monday. The car was not surrendered, but about two weeks later appellant called the complaining witness and gave his reasons why the car was not returned on the date promised. Subsequently, a further call was made explaining why the car had not been returned, but each time promises were made to return promptly and settle the account. There is no evidence that the complaining witness ever gave consent to the retention of the car past the Monday in April, 1970. He tried unsuccessfully to contact the appellant and finally on July 20, 1970, signed a criminal complaint charging appellant with embezzlement. The car was ultimately located and recovered during the latter part of August, 1970, in the yard of a Wyoming farmer.

It would appear that the appellant is somewhat of a con man, and if the jurors chose to infer from the evidence that he willfully failed to return the rented automobile for more than ten days after that Monday in April, 1970, they had a right to do so.

The judgment is affirmed.

CALLISTER, C. J., and TUCKETT, HENRIOD, and CROCKETT, JJ., concur.