PEOPLE v McKIM

Docket No. 44305. Submitted May 14, 1980, at Marquette.—Decided
September 3, 1980.

Donald K. McKim was convicted of failing to return a rented
automobile, Gogebic Circuit Court, Donald L. Munro, J. At the
trial the defendant moved for a directed verdict on the basis
that the statute under which the defendant was charged re-
quired notice to the defendant that he would be guilty of
larceny if he failed to return the vehicle by a date certain and
that the notice which was sent to the defendant was insufficient
in that it only requested return of the vehicle as soon as
possible. The motion for directed verdict was denied. Defendant
appeals. *Held:*

The statute requires that the defendant be notified of a
definite time by which the vehicle was to be returned. The use
of the phrase "as soon as possible" was insufficient to satisfy
the statute. Therefore, the prosecution failed to prove an ele-
ment of the crime: the failure to return the vehicle by the date
specified in a notice to the defendant.

Reversed, and case dismissed.

1. Criminal Law — Act to be Punished.

No one can be punished for doing an act unless it clearly appears
that the act sought to be punished comes clearly within both
the spirit and the letter of the law prohibiting it.

2. Criminal Law — Penal Code — Construction — Statutes.

All provisions of the Penal Code are to be construed according to
the fair import of their terms in order to promote justice and to
effect the object of the law (MCL 750.2; MSA 28.192).

3. Criminal Law — Statutes — Due Process — Vagueness.

A penal statute, in order to meet due process requirements, must
not be so vague that people of common intelligence must guess
at its meaning and differ as to its application.

References for Points in Headnotes
[1, 3, 4] 21 Am Jur 2d, Criminal Law § 17.
[2] 73 Am Jur 2d, Statutes §§ 293, 295.

4. CRIMINAL LAW — STATUTES — FAILURE TO RETURN VEHICLE —
    NOTICE.

   The statute which provides criminal sanctions for failure to
   return a rented vehicle requires the lessor to notify the lessee
   of a stated time by which the vehicle is to be returned before
   the statute applies; use of the phrase "as soon as possible" does
   not satisfy the statutory notice requirement (MCL 750.362a;
   MSA 28.594[1]).

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Anders B. Ting-
stad, Jr.,* Prosecuting Attorney, for the people.

*Gail Rodwan,* Assistant State Appellate De-
fender, for defendant on appeal.

Before: MACKENZIE, P.J., and BRONSON and AL-
LEN, JJ.

MACKENZIE, P.J. On December 8, 1978, defen-
dant was convicted by a jury of failing to return a
rented automobile, contrary to MCL 750.362a;
MSA 28.594(1). He was sentenced on January 18,
1979, to serve a prison term of 15 months to 2
years. Defendant appeals as of right.

At trial, Alvin Nieme, an employee of Bessemer
Auto Company, Bessemer, Michigan, testified that
he had rented a station wagon to the defendant on
April 28, 1978. The rental contract was for a
period of two to three days or until April 30, 1978.

John Racovitis, the general manager of Besse-
mer Auto Company, testified that, in accordance
with two separate telephone calls from someone
named "McKim" who stated that the car could not
be returned, the rental agreement was extended
first to May 8, and then to May 19. When the car
was not returned on May 19, Mr. Racovitis at-
tempted unsuccessfully to reach the defendant by
telephone and, finally, on May 22, he contacted

both the police and the prosecutor regarding the automobile. On May 30, Mr. Racovitis sent a certified letter to the defendant at his last known address, requesting return of the automobile; a signed receipt indicated that defendant received the letter on June 5, 1978. The letter contained the following language:

"The Rent-a-Car was to be returned on 5-19-78 it hasn't been returned. *[sic]* Please return as soon as possible."

Ontonagon County Deputy Sheriff Edward Balcomb testified that he arrested defendant Donald McKim on June 15, 1978, and transported him to the Ontonagon County Sheriff's Department. Undersheriff Robert Botkin testified that he went to the McKim residence in Ewen on June 28 and picked up the car.

The applicable statute, MCL 750.362a; MSA 28.594(1), provides:

"Any person to whom a motor vehicle, trailer or other tangible property is delivered on a rental or lease basis under any agreement in writing providing for its return to a particular place at a particular time who refuses or wilfully neglects to return such vehicle, trailer or other tangible property, *after the expiration of the time stated in a notice in writing proved to have been duly mailed by registered or certified mail* addressed to the last known address of the person who rented or leased the motor vehicle, trailer or other tangible property, and with intent to defraud the lessor, is guilty of larceny. If the vehicle, trailer or other tangible property exceeds the value of $100.00 he shall be guilty of a felony punishable by imprisonment for not more than 2 years or by a fine of not more than $1,000.00, or both. If the vehicle, trailer or other tangible property is of the value of $100.00 or less, he shall be guilty of a misdemeanor". (Emphasis added.)

Defense counsel moved for a directed verdict at the close of the prosecutor's proofs on two bases: (1) that the statute in question required that the defendant be placed on notice that he would be guilty of larceny if he failed to return the vehicle by a certain date and (2) that the language in the letter which was intended to serve as the notice was so vague it did not reasonably place the defendant on notice as to what was expected of him; it required him to return the car not by a date certain, but "as soon as possible". The trial judge denied the motion for a directed verdict stating that while he was inclined to admonish the lessor on the ground that the notice sent by the lessor did not state a specific date, he would deny the motion for a directed verdict since in most fields the law operates "on the basis of reasonable time".

When the trial judge denied defendant's motion for a directed verdict, he was apparently relying on the principle of contract law that if the time of performance of a contract is not specified, the contract must be performed within a reasonable time, *McCune v Grimaldi Buick-Opel, Inc,* 45 Mich App 472, 476; 206 NW2d 742 (1973).

The question raised here does not primarily involve the time of performance for a contract—it involves an essential element of a crime: failure to return a motor vehicle after expiration of the date stated in a written notice. One of the essential elements of the crime charged is missing because the defendant was never notified of a specific date for the return of the automobile.

"It is a well-settled rule of law that no one can be punished for doing an act unless it clearly appears the act sought to be punished comes clearly within both the spirit and letter of the law prohibiting it. * * *

"Defendant ought not to be convicted unless he is clearly and unequivocally within the language of a statute which by its terms covers his case." *People v Goulding,* 275 Mich 353, 359; 266 NW 378 (1936).

See also *People v Kirstein,* 6 Mich App 107, 114; 148 NW2d 539 (1967).

All provisions of the Penal Code are to be construed according to the fair import of their terms in order to promote justice and to effect the objects of the law. MCL 750.2; MSA 28.192. In order for a penal statute to meet due process requirements, it must not be so vague that people of common intelligence must guess at its meaning and differ as to its application. *People v Posner,* 79 Mich App 63, 71; 261 NW2d 209 (1977).

We find that the statute required the rental company to state a definite period of time within which defendant was to return their vehicle. The use of the term "as soon as possible" was insufficient in this regard. For this reason alone, plaintiff failed to prove every element of this crime. Furthermore, even if "as soon as possible" were considered by this Court to be a suitable statement of time for the purposes of the statute, such a construction would violate defendant's right to due process because it leaves persons of common intelligence in the position where they must guess at its meaning.

For these reasons, the trial court must be reversed and this case dismissed.