**STATE of Iowa, Plaintiff-Appellee,**

v.

**Mark Kane BUGELY,
Defendant-Appellant.**

No. 86–969.

Court of Appeals of Iowa.

April 22, 1987.

Charles Harrington, Appellate Defender, and B. John Burns, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen., and Steven P. Van

Marel, Asst. Story Co. Atty., for plaintiff-appellee.

Considered by DONIELSON, P.J., and SNELL and SACKETT, JJ.

SACKETT, Judge.

Defendant Mark Kane Bugely appeals from his conviction of theft in the first degree in violation of Iowa Code §§ 714.-1(2) and 714.2(1) (1985) for misappropriation of a car he rented. Defendant contends there was insufficient evidence in the record to establish that a final return date had been agreed to by the defendant and Ames National Car Rental (National) agency. As such, defendant argues the state failed to prove beyond a reasonable doubt defendant's retention of the car was inconsistent with the owner's rights in the property as required under Iowa Code § 714.-1(2) (1985). We affirm.

On September 14, 1985, defendant entered into a rental agreement with National to rent a car until September 16, 1985. Defendant said he needed the car to get to work while his own was being repaired in Nevada, Iowa. Defendant put down a $100 cash deposit for the rental car, which was valued at $6,500. Before the car was rented National verified the information defendant gave with his bank and place of employment. The rental agreement provided if the car was not returned on time the rate charged could be changed by National.

Defendant did not return the car on September 16, 1985. He called National twice and the agreement was extended first until September 20, 1985, and then until September 27, 1985. Defendant did not return the rental car on September 27, 1985, and did not contact National after that date.

National telephoned defendant's mother, the number defendant had given National to reach him. She said defendant was not there and she did not know when he would return. The defendant did not return National's call. National filed a criminal complaint with the Ames police with regard to the missing car. Cedar Rapids police arrested defendant on October 12, 1985, and the rental car was recovered. The total owed under the rental agreement was $1,497.44.

Defendant was charged by trial information with theft in the first degree. After a bench trial the trial court entered findings of fact, conclusions of law and a verdict of guilty. This appeal followed.

## I.

When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the state, including legitimate inferences and presumptions which may fairly and reasonably be deduced from the evidence in the record. *State v. Hall,* 371 N.W.2d 187, 188 (Iowa App.1985); *State v. Bass,* 349 N.W.2d 498, 500 (Iowa 1984). Direct and circumstantial evidence are equally probative so long as the evidence raises "a fair inference of guilt and [does] more than create speculation, suspicion, or conjecture." *State v. Hamilton,* 309 N.W.2d 471, 479 (Iowa 1981). It is necessary to consider all the evidence in the record and not just the evidence supporting the verdict to determine whether there is substantial evidence to support the charge. *Hall,* 371 N.W.2d at 188; *Bass,* 349 N.W.2d at 500. Substantial evidence means evidence which would convince a rational trier of fact that the defendants are guilty beyond a reasonable doubt. *Hall,* 371 N.W.2d at 188; *State v. LeGear,* 346 N.W.2d 21, 23 (Iowa 1984). The weight of the evidence and the credibility of witnesses are for the fact finder to determine. *State v. Robinson,* 288 N.W.2d 337, 341 (Iowa 1980).

## II.

Iowa Code § 714.1(2) provides a person commits theft when the person:

Misappropriates property which the person has in trust, or property of another which the person has in his or her possession or control, whether such possession or control is lawful or unlawful, by using or disposing of it in a manner which is inconsistent with or a denial of the trust or of the owner's rights in such property, or conceals found property, or appropriates such property to his or her

own use, when the owner of such property is known to him or her. *Failure by a bailee or lessee of personal property to return the property within seventy-two hours after a time specified in a written agreement of lease or bailment shall be evidence of misappropriation.* (Emphasis added).

■ Theft by misappropriation is a general intent crime. *Eggman v. Scurr*, 311 N.W.2d 77, 79 (Iowa 1981). The state must prove the following essential elements beyond a reasonable doubt:

1. Defendant had possession of the car owned by National, and
2. Defendant misappropriated the car by using it in a manner inconsistent with the owner's rights (i.e., defendant failed to return the car 72 hours after the time specified in the rental agreement).

■ The fact finder may *infer* misappropriation from failure to return the property within 72 hours of the rental agreement deadline. *State v. Gates*, 306 N.W.2d 720, 725 (Iowa 1981). Such evidence is a permissive presumption of misappropriation and a rational reference "supported by common sense and experience." *Id.*

Defendant asserts the state failed to establish a "time specified in a written agreement" as required under § 714.1(2), therefore, his failure to return the car did not constitute misappropriation. Defendant argues the original date in the written agreement cannot be the "time specified" because it was modified at least twice. He also argues there is insufficient evidence to support September 27 was the final deadline. Rather, defendant suggests the rental agreement was an open-ended contract which anticipated returns after the expiration of the agreement because the agreement specified the agency could charge a higher rate for cars returned late. As such, defendant asserts his retention of the car was not inconsistent with National's rights to the property.

■ Defendant is correct that there must be sufficient evidence of a specified deadline for return to support conviction of theft by a bailee of a rental car. In *People v. McKim*, 99 Mich.App. 829, 298 N.W.2d 625, 627 (1980), the court held that the time within which a defendant is required to return a rental car must be definite and clear to sustain a conviction for theft of a rental car. There, the rental agency extended the defendant's rental agreement twice but the defendant did not return the car. *Id.* 298 N.W.2d at 626. The appellate court reversed the defendant's conviction because the letter the agency sent defendant demanding only that the car be returned "as soon as possible." *Id.* at 627.

On the other hand, in *DeMond v. Superior Court of Los Angeles County*, 57 Cal.2d 340, 19 Cal.Rptr. 313, 368 P.2d 865 (1962), the court found there was sufficient evidence to sustain a finding of misappropriation for failure to return a rental car. The defendant had obtained an extension of the rental agreement and was told to return the car "in two or three days" but was still driving the car two months beyond the expiration of the agreement without authorization to do so. *DeMond*, 57 Cal.2d at 342–43, 19 Cal.Rptr. at 314–15, 368 P.2d at 866–67.

We find the factual situation in *State v. Heemer*, 26 Utah 2d 309, 489 P.2d 107 (1971), is analogous to the instant case. In *Heemer*, the defendant rented a car for one week by making a cash down payment. *Heemer*, 26 Utah at 310, 489 P.2d at 108. The car was not returned at the end of that time. *Id.* Without making any further payments on the agreement the defendant managed, through various excuses given by phone, to extend the rental agreement. *Id.* While the rental agency had given permission for the defendant to continue to use the car on "a somewhat open-ended contract," the agency told defendant that he must surrender the car "the following Monday." *Heemer*, 26 Utah at 311, 489 P.2d at 109. The agency filed a criminal complaint when the defendant did not return the car on the final date. *Id.* Even though the various extensions had been given, the court found there was sufficient evidence to support defendant's conviction for embezzlement of the car because there was no evidence the agency had ever con-

sented to defendant's retention of the car past the Monday deadline. *Id.*

 In the instant case, viewing the evidence in the light most favorable to the state, we find there is sufficient evidence from the facts in the record and surrounding circumstances to support the trial court's finding that September 27 was the deadline for defendant to return the car. The vehicle status sheets showed National extended the return date until September 20 and then until September 27. There was no status sheet showing additional extensions of the return date. In addition, prior to September 27 defendant called twice to extend the rental agreement. He did not call again after September 27, the required return date. Furthermore, there is no evidence National consented either to an open-ended agreement to start September 27 or to extending the return date past September 27. We therefore find defendant's contention there was "no time specified" to return the rental car to be without merit. We also reject defendant's argument the alleged ambiguity of the return date made the rental agreement an open-ended contract prosecutable only under civil remedies. *See People v. Hutchins,* 202 Cal.App.2d 64, 20 Cal.Rptr. 497 (1962) (Fact that defendant kept car longer than had been agreed, paid no rental fee and made misrepresentations on the agreement was sufficient to sustain conviction even though defendant argued that statute did not make it an offense to retain car beyond the time specified in the agreement).

We hold defendant's conviction for theft of the rental car is supported by substantial evidence and affirm the trial court.

AFFIRMED.