Filed 4/18/13  P. v. Carpenter CA2/6

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MATTHEW WARNER CARPENTER,<br><br>    Defendant and Appellant. | 2d Crim. No. B240110<br>(Super. Ct. No. 2011011137 &<br>2010042486)<br>(Ventura County)<br>MODIFICATION OF OPINION AND<br>DENIAL OF REHEARING<br>[No Change in Judgment] |

THE COURT:

It is ordered that the opinion filed herein on March 21, 2013, be modified as follows:

On page 6, line 4 of the second full paragraph, after the word argument, add the following as footnote 2.

[2]In his petition for rehearing, appellant argues that he cited the following supporting authorities: *People v. Woods* (2008) 161 Cal.App.4th 1045, *People v. Rubics* (2006) 136 Cal.App.4th 452, and *People v. Busser* (2010) 186 Cal.App.4th 1053.  But none of these cases held that restitution is permitted only for a loss that is a necessary element of the criminal offense of which the defendant was convicted.  In *People v. Woods*, *supra*, 161 Cal.App.4th at p. 1052, the appellate court agreed "that section 1202.4 limits the scope of victim restitution to the operative crime that resulted in the loss."  It concluded that, since the defendant had been convicted of being an accessory after the

1

fact to murder, the trial court had erroneously ordered him to pay restitution to the victim's family.  The appellate court reasoned that the defendant's "criminal conduct did not cause the loss [the victim's death] for which compensation was sought."  (*Ibid*, fn. omitted.)  It noted that "a charge of being an accessory after the fact is 'based on conduct taking place *only after* the loss was sustained.' [Citation.]"  (*Ibid*.)  Thus, *Woods* stands for the proposition that " 'a defendant sentenced to state prison [may not be required to] pay restitution for losses caused by conduct for which he was *not* convicted.' "  (*Id*., at p. 1053.)  Here, appellant's criminal conduct of eluding a pursuing police officer caused the damage to the police vehicles.  Since appellant was convicted of this offense, *Woods* supports the order of restitution.

Appellant's petition for rehearing is denied.

No change in judgment.

NOT FOR PUBLICATION

2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MATTHEW WARNER CARPENTER,<br><br>    Defendant and Appellant. | 2d Crim. No. B240110<br>(Super. Ct. No. 2010042486)<br>(Super.Ct. No. 2011011137)<br>(Ventura County) |

Matthew W. Carpenter appeals from the judgment entered after his conviction by a jury of two counts of unlawfully driving or taking a vehicle (counts 1 & 6 - Veh. Code, § 10851, subd. (a));[1] driving in willful disregard for the safety of others while attempting to elude a pursuing peace officer (count 2 - § 2800.2, subd. (a)); driving on the wrong side of the road while eluding a pursuing peace officer (count 3 - § 2800.4); and reckless driving (count 8 - § 23103, subd. (a)).  In a separate court trial, appellant was found guilty of driving while his license was suspended for a conviction of driving under the influence (count 9 - § 14601.2).  He was sentenced to prison for four years, four months.

Appellant contends that the trial court (1) erroneously instructed the jury, (2) violated Penal Code section 654 by imposing a concurrent sentence on count 3, and (3) erroneously ordered him to pay restitution to Ventura County for damage that its vehicles

_____

[1] All statutory references are to the Vehicle Code unless otherwise stated.

1

had incurred during the pursuit of appellant.  We modify the judgment to stay execution of the sentence imposed on count 3.  We affirm the judgment as modified.

*Facts*

The information alleged that appellant's offenses were committed on May 13 and June 19, 2010.  The facts pertaining to the May 13 offenses (counts 6 and 8) are not relevant to the issues on appeal.  Accordingly, we summarize only the facts pertaining to the June 19 offenses (counts 1,2, 3, and 9).

On May 13, 2010, Shawnae Bowen parked her Ford F-150 pickup truck in front of her house.  The next morning, the truck was missing.  Bowen filed a stolen vehicle report with the police.

In the afternoon on June 19, 2010, Deputy Carlos Cendejas and Deputy Scott Sedgwick of the Ventura County Sheriff's Office were on patrol together in separate marked vehicles.  Deputy Cendejas saw Bowen's truck and entered its license number into his Mobile Data Terminal.  The information he received showed that the truck was stolen.

The driver of the truck was the sole occupant of the vehicle.  Deputy Sedgwick identified appellant as the driver.  He testified that appellant was "well-known at the police station through prior contacts, arrests, [and] probation searches."

Cendejas and Sedgwick pulled behind the truck and activated their vehicles' lights.  The truck did not stop, so they activated their sirens.  A high-speed pursuit ensued.  During the pursuit, appellant violated several provisions of the Vehicle Code.  He made an illegal U-turn, exceeded the speed limit by driving at 70 miles per hour, ran a red light, and drove on the wrong side of the road.

The truck entered a golf course parking lot, crashed through a wooden fence, and drove onto the grassy area of the golf course.  The pursuit continued along a dirt road on the east side of the golf course.  A metal gate "was taken out by the [truck]."  One of the truck's headlights "was actually attached to the gate."

2

Toward the end of the pursuit, the deputies drove through thick shrubbery that damaged their vehicles. They lost sight of the truck for one or two minutes. When they found the truck, it was abandoned "in the bushes."

Appellant did not testify. The defense theory was that the People had failed to prove that appellant was the driver of the truck.

*Instruction on Unlawfully Driving or Taking a Vehicle*

For the two counts of unlawfully driving or taking a vehicle (§ 10851, subd. (a)), the trial court instructed the jury pursuant to CALCRIM No. 1820: "To prove that the defendant is guilty of this crime, the People must prove that: [¶] 1. The defendant took or drove someone else's vehicle without the owner's consent; AND [¶] 2. When the defendant did so, he intended to deprive the owner of possession or ownership of the vehicle for any period of time." Appellant contends: "CALCRIM No. 1820 is defective because [it does not require] that the defendant have knowledge that the vehicle has been taken or driven without the owner's consent. Knowledge should be considered an element of the offense of unlawful taking or driving a vehicle."

We disagree. " 'The elements necessary to establish a violation of section 10851 of the Vehicle Code are the defendant's driving or taking of a vehicle belonging to another person, without the owner's consent, and with specific intent to permanently or temporarily deprive the owner of title or possession. [Citations.] [Citation.] Accordingly, knowledge that the vehicle was stolen is not an element of the offense. Such knowledge is merely one of various alternative factors evidencing an intent to deprive the owner of title and possession. [Citation.]" (*People v. Green* (1995) 34 Cal.App.4th 165, 180; accord, *People v. O'Dell* (2007) 153 Cal.App.4th 1569, 1574; see also *De Mond v. Superior Court of Los Angeles County* (1962) 57 Cal.2d 340, 344 ["The gist of the offense proscribed by Vehicle Code, section 10851, is the taking or driving of a vehicle without the owner's consent and with the specific intent to deprive the owner, permanently or temporarily, of title to or possession of that vehicle"].)

Even if guilty knowledge were an element of the offense, the instruction's omission of this element would have been harmless beyond a reasonable doubt. A

3

reasonable trier of fact would have concluded that appellant's flight from the pursuing deputies and abandonment of the truck had been motivated by knowledge that he was driving the vehicle without the owner's consent.

### *CALCRIM No. 2181*

For the offense of driving in willful disregard for the safety of others while attempting to elude a pursuing peace officer (§ 2800.2, subd. (a)), the trial court instructed the jury pursuant to CALCRIM No. 2181. The instruction provided that driving in willful disregard for the safety of others "includes, but is not limited to, causing damage to property while driving or committing three or more violations that are each assigned a traffic violation point. [¶] Speeding, failure to stop at a Red Light intersection, driving on the wrong side of the road, are each assigned a traffic violation point." In his reply brief, appellant acknowledges that the "the jury was correctly instructed that [these three traffic violations] could constitute a willful disregard." But he argues that the instruction was deficient because it "did not define the requisite elements of the three traffic violations. Thus, the instruction relieved the prosecution of its burden of proving all of [the] elements of the charged offense beyond a reasonable doubt in violation of due process."

The instruction was not deficient because the nature of the traffic violations was self-evident and required no further elaboration. Even if the trial court had erred, the error would have been harmless beyond a reasonable doubt. The instruction provided that willful disregard for the safety of others is established by the commission of three traffic violations *or* "causing damage to property while driving." It is undisputed that, during the pursuit, appellant damaged a wooden fence and metal gate by crashing into them.

### *Penal Code Section 654*

The trial court concluded that, pursuant to Penal Code section 654, punishment for driving on the wrong side of the road while eluding a pursuing peace officer (count 3 - § 2800.4) was barred because the offense was based on the same conduct as driving in willful disregard for the safety of others while attempting to elude a pursuing peace

4

officer (count 2 - § 2800.2, subd. (a)).  The trial court imposed a three-year prison term on count 3 to run concurrently with a three-year prison term imposed on count 2. Appellant contends, and the People concede, that the imposition of a concurrent sentence was erroneous. We accept the concession.  " 'It has long been established that the imposition of concurrent sentences is precluded by section 654 [citations] because [under such a sentence] the defendant is deemed to be *subjected* to the term of *both* sentences although they are served simultaneously.'  [Citations.]" (*People v. Duff*  (2010) 50 Cal.4th 787, 796.)  "The sentencing court should stay execution of sentence pending completion of service of sentence upon the greater offense, with the stay to become permanent upon completion of that sentence.  [Citations.]"  (***Ibid***.)

*Restitution*

During the pursuit, Deputy Cendejas's and Deputy Sedgwick's patrol vehicles were damaged.  The trial court ordered appellant to pay to Ventura County the cost of repairing the vehicles - $3,970.65.  Appellant maintains that Ventura County is not entitled to restitution because it was not a direct victim of appellant's crimes of attempting to elude a pursuing peace officer.  Penal Code section 1204, subdivision (k)(2) provides that a governmental entity is entitled to restitution only if it is a "direct victim."  "[A] statute 'permitting restitution to entities that are "direct" victims of crime [limits] restitution to entities *against which* the [defendant's] crimes had been committed" - that is, entities that are the "immediate objects of the [defendant's] offenses."  [Citation.]'  [Citations.]" (*People v. Runyan* (2012) 54 Cal.4th 849, 856.)

"Whether [Ventura County] can be a 'direct victim' under section 1202.4 is a legal issue of statutory construction, which we review under an independent or de novo standard.  [Citation.]  [¶]  In undertaking this analysis, we are mindful that the California Constitution gives trial courts broad power to impose restitution on offenders.  (Cal. Const., art. I, § 28, subd. (b)[(13)].)  Article I, section 28, subdivision (b)[(13)(A)] declares unequivocally that '*all* persons who suffer losses' due to crime have the right to restitution.  (Italics added.)  Accordingly, the courts have held that restitution statutes

5

should be interpreted broadly and liberally. [Citations.]" (*People v. Saint-Amans* (2005) 131 Cal.App.4th 1076, 1084.)

Interpreting Penal Code section 1204, subdivision (k)(2) "broadly and liberally," we conclude that Ventura County was a direct victim of appellant's crimes of attempting to elude a pursuing peace officer. The crimes were committed against county employees - the pursuing deputies - while they were acting within the scope of their employment and driving county-owned vehicles. The object of the crime was to escape arrest by the deputies. In view of the county's involvement as both employer of the deputies and owner of the vehicles used by them to pursue appellant, it follows that the county was a direct victim.

We reject appellant's argument that the restitution award was unauthorized "because the damage to the sheriff['s] vehicles was not a necessary element of [his] conviction [of eluding a pursuing peace officer]." (Capitalization omitted.) Appellant has failed to cite authority supporting this argument. If appellant were correct, then a victim who was injured during a robbery could not obtain restitution for his injury if the defendant were convicted only of robbery, since injury is not a necessary element of that offense. Such a result would conflict with the constitutional provision "that all persons who suffer losses as a result of criminal activity shall have the right to seek and secure restitution from the persons convicted of the crimes causing the losses they suffer." (Cal. Const., art. I, § 28, subd. (b)(13)(A).) There is no question here that the damage to the county-owned vehicles was caused by the deputies' pursuit of appellant.

*Disposition*

Pursuant to Penal Code section 654, the judgment is modified to stay execution of the three-year sentence imposed on count 3, driving on the wrong side of the road while eluding a pursuing peace officer (§ 2800.4). The stay shall remain in effect pending completion of service of the three-year sentence imposed on count 2, driving in willful disregard for the safety of others while attempting to elude a pursuing peace officer (§ 2800.2, subd. (a).) The stay shall become permanent upon completion of that sentence. As so modified, the judgment is affirmed. The trial court is directed to prepare

an amended abstract of judgment and to transmit a certified copy to the Department of Corrections and rehabilitation.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

7

Jeffrey G. Bennett, Judge

Superior Court County of Ventura

_____

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Yun K. Lee, Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.